Harrell *et al. vs.* Word *et al.*

a city, town or village; "a man tried to burn it up last night. I saw the man and drove him off; there were the sticks, the matches and the brimstone with which he had tried to burn up my house. I know who. it was; John Perkins was the man. When I drove him off, I .saw Al. Hooper" (meaning . your petitioner) "standing at the road holding a torch for him," thereby meaning that the said John Perkins had set fire to said dwelling house, and that he attempted to burn said dwelling house; and further meaning that your petitioner was present aiding and abetting the act to be done, wherefore he prays process, etc.

On demurrer, the case was dismissed, and plaintiff excepted.

G. M. NETHERLAND, for plaintiff in error.

J. B. ESTES, by J. F. LANGSTON, for defendant.

---

JOHN S. HARRELL *et al.*, plaintiffs in error, *vs.* ALBERT WORD *et al.*, defendants in error.

1. The power of the courts to punish for contempt is limited in Georgia, both by the constitution and the laws, and extends in a case of the kind at bar only to the officer in his official transactions, and to the *disobedience* or *re-*

*sistance* by any other person of any lawful writ, process, order, rule, decree or command of the court. The court may, in this summary manner, punish the sheriff for contempt under the facts here, but he cannot punish the purchaser by annulling the deed to the land: Code, sections 5009, 4711.

2. Where one who is not a party to the judgment and *fi. fa.* under which land is sold at public outcry by the sheriff, purchased the same, the said judgment and execution being all regular, and the sheriff made the purchaser a deed and put him in possession of the land, such sale of the land cannot be set aside and the deed canceled, in this state, by a mere motion or rule to show cause, on the ground that the sheriff and the purchaser fraudulently colluded at said sale so that the land sold for an insignificant sum compared with its value.

3. Such purchaser has a right to be heard according to all the ordinary forms of law, to be served with regular process, to have the ordinary time to prepare his case, to cross-examine witnesses, to go before a jury and have the issue of fraud or no fraud tried as ordinary suits at law or in equity are tried.

4. The plaintiffs seeking to set aside such a deed, may proceed at law or in equity; but they must sue the purchaser regularly, and he must have all the defenses and modes of defense as in other suits. A trial, on motion, on affidavits taken *ex parte*, without the right to cross-examine, is too summary, and altogether at war with the spirit and policy of the laws of Georgia, which, whether at law or in equity, entitle the defendant to a fair trial on every issue of fact before a jury of his vicinage.

Judicial sale. Motion. Practice in the Superior Court. Contempt. Deeds. Before Judge JAMES JOHNSON. Stewart Superior Court. April Term, 1875.

Reported in the opinion.

HAWKINS & HAWKINS, by McCAY & TRIPPE; J. L. WIMBERLY; BEALL & TUCKER, for plaintiffs in error.

BLANDFORD & GARRARD; MOSES & DOWNING; W. H. HARRISON, for defendants.

JACKSON, Judge.

A tract of land was offered for sale, regularly, under final process of the court, by Harrell, the sheriff of the county of Stewart, and bought by Shepherd as the highest and best bidder at a very inadequate price compared with its proven value. The plaintiffs in *fi. fa.* moved a rule against the sheriff, the de-

Harrell *et al. vs.* Word *et al.*

fendant in *fi. fa.*, and the purchaser, to show cause why the sale should not be set aside and the deed canceled, on the ground of fraud and collusion. The defendants answered the rule and denied the fraud and collusion. The court tried the question summarily by written affidavits on the part of the movants, but allowed the defendants to be heard orally, at the same time stating that written affidavits would be more regular. Defendants' counsel, before the affidavits were read and submitted, demurred to and moved to dismiss the rule, on the ground that the sale of the land could not be set aside and the sheriff's deed to a purchaser canceled in this summary way. The demurrer was overruled and the motion to dismiss refused. The court, after having heard testimony as above mentioned, passed an order fining the sheriff $1 00 for contempt, ordering him to pay back the purchase money to Shepherd, setting aside the sale of the land and commanding Shepherd to deliver the deed to the clerk of the court to be canceled by him. The errors assigned are the refusal of the court to dismiss the rule on demurrer, and the passing the order as above recited. We think the court erred.

1, 2. The power of the courts to punish for contempt in Georgia, is limited. The constitution declares that it shall be limited, and requires legislation to prescribe the limits : Code, section 5009. The legislature of the state has prescribed those limits : Code, section 4711. That section confines the power to cases in the presence of the courts, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the *disobedience* or *resistance* by any officer, party, juror, witness, or other person, to any lawful writ, process, order, rule, decree or command of said courts. So far as persons other than officers are concerned, the limit to the power confines the court, in cases like this at bar, to the *disobedience* or *resistance* of such persons to the writ or process. Neither the defendants in *fi. fa.*, nor Shepherd, the purchaser, *disobeyed* or *resisted* the writ of *fieri facias*, or the final process of the court. Therefore, if the power of the court in this sum-

mary manner to dispossess this man of his land, be sought to be derived from the power to punish for contempt of the process of the court, it has no foundation on which to rest, and if it be not based on this power, whence is it derived? It is true that the Alabama case cited by counsel is directly in point, but what may be the particular statute of Alabama, or if it has any similar to ours, we are not informed. That case is not authority here. It is argument, and entitled to great respect as argument, but this court is not bound to follow it, nor any other similar cases, and we decline to do so.

3. It may be that Shepherd has committed a fraud, and added perjury to the fraud by swearing that he did not collude with the sheriff, but purchased *bona fide*, honestly and fairly; but he has the right to be heard before a jury on that issue; he has a right to cross-examine witnesses on that issue; he has the right to be served with regular process, and to have that service made upon him the usual time before court, and to have the privilege of six months till the next term for preparation.

4. The plaintiffs may go against him at law or in equity, at their own election, but in whatever way they proceed, it must be by regular suit, and he must not be deprived of his right of regular trial by jury. Every issue of fact, in this state, whether the cause be at law or in equity, is to be tried before a jury. Such is the letter, the spirit, the policy of our law. It is vain to say that no jury trial was refused here. The ruling of the court was tantamount to such refusal. The plaintiffs' counsel prepared their case for a hearing before the court by affidavit. The court said the defendants should so have prepared theirs. They had demurred. They said the court had no jurisdiction in this way to try their rights, and the court replied that he had, and overruled their demurrer; and after all these rulings and intimations they scarcely dared to demand a jury, and, under the facts, can hardly be said to have waived one. However that may be, we rest our judgment upon the broad ground that, in this state, no man can be dispossessed of the land he holds, and ordered to deliver up

his deed to the clerk of the court to be canceled, without having been first regularly sued, and having had all the privileges and rights to which he is entitled by ordinary suit. Any other ruling is at war with the whole system of our jurisprudence, the spirit of our constitution and laws, and, so far as we are informed, the universal custom of our courts, as well as the habits of our people and the policy of the state. We therefore reverse the judgment, and direct that the rule be retained, if the court see fit, as to the sheriff, but be discharged as to the other defendants.

Judgment reversed.