23012. ROBBINS v. RIALES et al.

ARGUED JUNE 15, 1965—DECIDED JULY 8, 1965—
REHEARING DENIED JULY 26, 1965.

226

*Henry M. Henderson,* for· plaintiff in error.
*M. David Merritt,* contra.

CANDLER, Presiding Justice. 1. The order declaring that no administration of the estate of the deceased intestate was necessary which the plaintiff and the other heirs at law of Mrs. McKissick obtained from the Fulton County Court of Ordinary amounts in law to an adjudication that there was no debt or claim against the decedent's estate such as the one here declared upon; that the heirs at law of the deceased were entitled to take the property she owned at the time of her death without administration; and that they had agreed upon a division of it amicably among themselves; and the averment of the petition which alleges that it was petitioner's understanding from the nature of her claim that the other heirs at law of the deceased were agreeable to her having the 62 shares of stock her mother owned at the time of her death does not amount to an allegation that the other heirs at law had agreed for petitioner to have exclusive

ownership of such shares of stock. Ga. L. 1958, p. 355; Ga. L. 1959, p. 111.

2. Since the petition contains no allegations that petitioner was fraudulently induced in any way by any of the other heirs at law to join with them in applying for and obtaining the order that no administration of Mrs. McKissick's estate was necessary, she is in no position to ask that it be set aside. The general rule is that one who obtains a judgment from a court of competent jurisdiction will not be heard to question its validity, and the petition in this case alleges no facts sufficient to show the inapplicability of such general rule. *Fender v. Crosby,* 209 Ga. 896 (1) (76 SE2d 769); *Phillips v. Phillips,* 211 Ga. 305 (1) (85 SE2d 427).

*Judgment affirmed. All the Justices concur.*