## 24557.   SMITH v. SMITH.

SUBMITTED APRIL 8, 1968—DECIDED APRIL 22, 1968.

*Frank M. Gleason*, for appellant.

*Joseph E. Loggins, Cook & Palmour, A. Cecil Palmour,* for appellee.

GRICE, Justice.   This appeal is from the dismissal of a complaint to set aside a portion of a judgment.

The complaint, filed in the Superior Court of Chattooga County by Jasper Leon Smith against his former wife Carolyn Smith, sought to set aside the part of a divorce decree which awarded the wife alimony for the support of herself and three children, and also their custody.

The allegations of the complaint, insofar as necessary to recite here, are those which follow.

The wife in 1965 filed suit in the superior court of that county against the husband for temporary alimony.   The husband in his answer and cross action sought a divorce upon the ground of cruel treatment.   Later, by amendment, he alleged that he and his wife had agreed upon a settlement of her claims to property and the custody, support and education of their children, a copy of such agreement being attached thereto.   The amendment stated that "the parties have further agreed that the provisions of this agreement may be incorporated in the provisions of any decree of divorce that may be entered" in the case.   This amendment prayed that "a decree of divorce be granted [the husband] providing for alimony with property settlement, custody, support

and education of the children . . . in accordance with the agreement of the parties as herein contained."

The complaint further alleged that on the same day the foregoing amendment was filed, the wife voluntarily dismissed her petition for temporary alimony and her defensive pleadings, and agreed for the court to decide the issues as made by the cross action of the husband for divorce, without intervention of a jury. Also on this same day, the trial judge, upon a hearing, rendered a final decree awarding the husband a divorce, the wife custody of the children and alimony for her support and for the children, in accordance with the agreement referred to above.

The complaint recited that it was brought within three years from entry of the above judgment complained of, and prayed that the court set aside all the relief thereby granted except the divorce. The complaint set forth the following reasons: that the wife had sought only temporary alimony, so the court had no authority to grant her permanent alimony; that upon the wife's dismissal there was no action pending against the husband, only the husband's cross action for divorce remaining, and therefore the court had no authority to grant the property rights; and that the findings of the court are irreconcilable and inconsistent in that the husband was granted a divorce but property was awarded to the wife and the latter was necessarily based upon her not being at fault.

To this petition the wife filed several defenses. The only one necessary to recite here is that which asserted that the husband's complaint failed to state a claim upon which relief could be granted at law or in equity.

We have carefully considered the contentions made by the husband and the authorities submitted in support of his position. We do not regard them as controlling.

Rather, what we deem decisive is the fact that the husband not only consented to the decree in question, but actually procured it, and that he alleges no fraud, accident, or mistake. He is therefore bound by the decree. This court in *Robbins v. Riales,* 221 Ga. 225, 227 (144 SE2d 80), stated: "The general rule is that one who obtains a judgment from a court of competent jurisdiction will not be heard to question its validity. . ." See also

in this connection, *Wilbanks v. Wilbanks*, 159 Ga. 196 (125 SE 202); *Fender v. Crosby*, 209 Ga. 896 (1) (76 SE2d 769); *Lewis v. Lewis*, 213 Ga. 856, 857 (102 SE2d 559). The complaint here does not allege any facts showing that this rule is not applicable.

Therefore, we conclude that the complaint was subject to the motion to dismiss.

*Judgment affirmed. All the Justices concur.*