## 44300. SHAW v. DAVIS et al.

JORDAN, Presiding Judge. Mrs. Nina Davis and Mrs. Clara White commenced a statutory partition proceeding (*Code* § 85-1504 et seq.) in Walker Superior Court on June 21, 1968, seeking the sale of realty inherited from Glover White, who died intestate, and a division of the net proceeds equally among the three heirs. The petitioners are a daughter and the widow of the deceased, and Mrs. Annie Shaw, another daughter, is named as the only other heir. The petition discloses that pursuant to the application of Mrs. Shaw, acknowledged by Mrs. Davis and Mrs. White, and a showing of no debts outstanding, the Ordinary of Walker County adjudged on February 7, 1968, that no administration was necessary.

In answer Mrs. Shaw alleged, among other things, that she signed the application to dispense with the administration under a complete misapprehension of the nature of the proceeding and the legal effect thereof, that she paid for her father's

care in a rest home during his last illness, and for his funeral expenses, and that she had no objection to a sale and division of the proceeds "provided the court orders the debts against the estate hereafter set forth be paid before there is any division of the proceeds." She further alleged that the petitioners knew that she was paying the bills for her father's care preceding his death above the amount paid by public assistance, that neither offered to pay any part thereof, and that after his death Mrs. White told her that if she would pay the funeral expenses she could be reimbursed from the real estate, and that Mrs. White gave her the original deeds to the property. By amendment she alleged that while the application to dispense with administration was pending Mrs. White affirmed her previous agreement and "again agreed that from the proceeds of the sale of the property of the estate said expense be deducted and paid to respondent, provided respondent agreed to share the balance 'halvers with Nina' meaning Mrs. Davis to receive one-half of said balance and respondent the other one-half." Her sole prayer is for the payment of her claims against the estate before distribution of the balance.

Mrs. Shaw appeals from an order dismissing her answer and a final judgment directing the disbursement of the net proceeds equally among the parties. *Held:*

1. The appellant, having previously applied for and obtained an order dispensing with the administration of the estate, an essential condition precedent being "that the estate of the decedent owes no debts" (Ga. L. 1958, pp. 355, 356; *Code Ann.* § 113-1232) was thereafter precluded from asserting any claim she may have had against the estate for debts which she voluntarily paid. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment be reversed or set aside." *Code* § 110-501. See *Robbins v. Railes*, 221 Ga. 225, 227 (144 SE2d 80), which upholds the validity of an order dispensing with administration as an adjudication of no debt or claim against an estate, and which reiterates the general rule "that one who obtains a judgment from a court of competent jurisdiction will not be heard to question its validity."

2. Even if it be conceded, without so deciding, that by way of counterclaim in a partition proceeding a party may assert a claim against another party individually (see CPA §§ 13 (b), 81; Ga. L. 1966, pp. 609, 625; 1968, pp. 1104, 1106; *Code Ann.* §§ 81A-113 (b), 81A-181) it is clear from the answer in the present proceeding that the agreement or understanding with Mrs. White, if true, involved no more than a promise to recognize the payments made by Mrs. Shaw as valid claims against the estate, and such claims, even if valid against the estate before the order dispensing with the administration, are unenforceable so long as the order stands unchallenged, and the fact that Mrs. Shaw applied for and obtained the order under a misapprehension of its legal effect affords no basis for avoiding the legal consequences of such an order.

3. Nothing appearing in the appellant's answer which constitutes a proper objection to the partition proceeding, the trial judge did not err in dismissing the answer and in finally ordering a distribution of the net proceeds of the sale among the heirs. See *Code* §§ 85-1509, 85-1511, 85-1512; *Gifford v. Courson,* 224 Ga. 840 (165 SE2d 133).

    *Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED MARCH 5, 1969—DECIDED JUNE 16, 1969.

*S. W. Fariss,* for appellant.
*Brown & Clements, Charles Clements, Jr.,* for appellees.