## 28466. HARPER v. HARPER.

ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 18, 1974.

*T. M. Smith, Jr., T. M. Smith, Sr., Hunter S. Allen, Jr.,* for appellant.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., J. M. Crawford,* for appellee.

GRICE, Presiding Justice. James Cary Harper appeals from an order of the Superior Court of Fulton County finding him in contempt of court for refusing to comply with the provisions of a property settlement agreement between him and the appellee Mary Ann Harper (Gustin), which was incorporated into a divorce decree and made the judgment of that court on September 16, 1966.

Both parties filed motions for summary judgment, stipulating that the only issue to be determined was the validity of Paragraph 5 (a) of the agreement referred to in the divorce decree, and further agreeing that if the provisions were enforceable, then the defendant was in contempt of court since he had the financial ability to comply with them.

The trial court granted the appellee's motion for summary judgment and overruled that of appellant. It adjudged him to be in contempt, but held that he might purge himself by paying to the appellee within 30 days "the sum of Ninety-seven Thousand Eight Hundred Fifty-one Dollars and seventy-five cents ($97,851.75)." The amount of $100,000 was reduced by a credit of jointly held stocks not in dispute here.

The provision here in question provides as follows: "Husband agrees that on or before April 1, 1973, he will turn over and deliver to wife shares of stock listed either on the New York Stock Exchange, the American Stock Exchange or securities listed over the counter, having a market valuation of $100,000 which securities shall be kept and retained by wife free and clear of all liens and encumbrances as part of permanent alimony. Said securities shall be delivered to wife whether or not she has remarried and in the event wife should not be living, said securities shall be delivered to a corporate trustee to be selected by husband in trust for the sole use and benefit of the two (2) children of their marriage, to-wit: Elizabeth Ann Harper and Kathryn Keahi Harper, and to vest equally in and between said children upon the younger of the two (2) children attaining the age of thirty-five (35) years. Husband may, in lieu of transferring said securities to wife (or the whole or any balance remaining to the corporate trustee in the event of the wife's death), turn over to her on or before April 1, 1973, cash money totaling $100,000 or, at his option, any combination of securities and cash money totaling $100,000 based upon amount of money and market valuation. All Federal and State income and/or gift taxes, if any, accruing by reason of said transfer of said securities and assets to wife by husband shall be paid by husband."

The appellant contends (1) that the above language referring to shares of stock and securities is void and unenforceable under the statute of frauds provisions of the Uniform Commercial Code in regard to contracts for the sale of securities (Ga. L. 1962, pp. 156, 373; Code Ann. § 109A-8—319); (2) that the agreement is unenforceable because it is vague, uncertain and indefinite; and (3) that it is void because it purports to be a unilateral arrangement, totally lacking in mutuality. These contentions cannot be sustained.

All of appellant's arguments apply to the law of contracts, whereas here there is an order of the court involved. Even if the agreement were found to be void or unenforceable for any of the reasons urged, the order incorporating it is binding upon him in regard to the legal rights of the appellee. Unless he can show fraud in an attack upon that judgment, it is res judicata as to the alimony and its payments. See in this connection, *Venable v. Craig,* 44 Ga. 437; *Swain v. Wells,* 210 Ga. 394 (80 SE2d 321); *Smith v. Smith,* 224 Ga. 299 (161 SE2d 826).

While the appellant had the option under the alimony provision

of either paying cash or turning over securities of equivalent value to the appellee, once he was found to be in wilful contempt of this order the trial court did not abuse its discretion in requiring him to purge himself by the payment of cash alone. Obviously, the cash can be raised by the sale of securities if the appellant so wishes. We find no grounds for reversal.

However, the motion of appellee seeking damages for frivolous appeal is denied.

*Judgment affirmed. All the Justices concur.*