## 30122. FINCH v. FINCH.

NICHOLS, Chief Justice.

This is an appeal from the grant of summary judgment to the defendant former husband in an action by the appellant to set aside provisions for child support set forth in an agreement made a part of the divorce decree. The motion does not seek to set aside the divorce decree. The appellant in obtaining the divorce tendered the agreement to the court which provided for alimony, child support, property settlement and custody of the minor children. The agreement was signed by both parties and notarized by the attorney representing the wife in the divorce action. It is now claimed to have been obtained by duress and that the agreement relieved the former husband of child support payments and is therefore void as against public policy.

1. In paragraph 3 of appellant's affidavit filed in opposition to the motion for summary judgment, she states that at the time of signing the agreement of June 20, she was under the complete control and influence of her former husband and for a "period of time until said divorce was granted, I was living in the same household with my former husband." Paragraph 8 of the affidavit reads: "After said 'agreement' was signed, my husband continued to live with me for a period of 15-17 days." The agreement is dated June 20, and the final divorce decree is dated July 22. According to Paragraph 3 there was no time when she was free of the influence of her former husband but according to Paragraph 8, there was a period of not less than 15 days prior to the divorce when she was free of the duress alleged. In *Lampkin v. Edwards,* 222 Ga. 288 (3) (149 SE2d 708), it is said with reference to motions for summary judgment: "The testimony of a party who offers himself as a witness in his own behalf is to be

construed most strongly against him and he is not entitled to a finding in his favor if that version of his testimony, the most unfavorable to him, shows that the verdict should be against him."

The appellant's affidavit must be construed as showing that there was a period of more than 15 days before the final divorce decree was entered when she was free of the alleged duress.

In *Robbins v. Riales*, 221 Ga. 225, 227 (144 SE2d 80), it was held that the general rule is that one who obtains a judgment from a court of competent jurisdiction will not be heard to question its validity. The petition and affidavits in opposition to the motion for summary judgment in this case do not present facts sufficient to show the inapplicability of such general rule. See also *Smith v. Smith*, 224 Ga. 299, 300 (161 SE2d 826). There is no merit in this contention.

2. The agreement is also alleged to be void and against public policy by not providing for child support. The agreement provides for the payment of $162.50 per month for each of the two minor children of the parties. The agreement also gives the former wife an option of having a home furnished for her and the children and a payment of $100 per month to her for utilities. The wife exercised this option and now claims that her election relieved the father of making child support payments. The father contends that the furnishing of the home, together with the payment of $100 is of greater value than the $325 per month child support payments. The wife exercised the option. She cannot claim a failure of child support. Although different in form, it is still child support. This contention is without merit, and the trial court did not err in granting summary judgment for the appellee.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED JULY 10, 1975 — DECIDED SEPTEMBER 3, 1975.

*Richard A. Rice,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Frank Love,*

*Jr., James C. Rawls,* for appellee.