## 33871. ADKINS v. ADKINS.

UNDERCOFLER, Presiding Justice.

This appeal is from a contempt order for failure to make child support payments under a divorce decree. The order provided for purge of the contempt upon payment. We affirm.

1. Findings of fact and conclusions of law are not

required in a motion for contempt. *Hines v. Hines,* 237 Ga. 755 (229 SE2d 744) (1976).

2. We hold that the trial court did not err in failing to inquire whether appellant was entitled to counsel under the rationale of Argersinger v. Hamlin, 407 U.S. 25 (92 SC 2006) (1972). A contempt for failure to pay child support is a civil proceeding. Its primary purpose is to provide a remedy for the collection of child support by coercing compliance with such an order. Argersinger relates to criminal prosecutions and is not applicable here.

3. Code Ann. § 24-2615 (5) provides: "The superior courts have authority . . . 5. To punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." Adkins thus claims the six month sentence imposed on him is illegal. We disagree. "A failure or refusal to comply with an order of court requiring the payment of alimony and attorney's fees is a continuing contempt, and the court may enter a judgment that the party so refusing be imprisoned until he shall comply. In such case the time of imprisonment is not within the limitation of the statute relative to a single act of contempt, that the duration of imprisonment must not exceed twenty days. *Tindall v. Nisbet,* 113 Ga. 1114 (4), 1135 [39 SE 450] [1901]." *Gray v. Gray,* 127 Ga. 345 (4) (56 SE 438) (1906). Accord, *Cobb v. Black,* 34 Ga. 162 (1865). And in *Brown v. Brown,* 237 Ga. 122 (227 SE2d 14) (1976), we held that a determinable rather than indefinite sentence was not error as long as the respondent may purge himself. There is no merit to Adkins' contention that the six month sentence was unlawful.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 28, 1978 — DECIDED SEPTEMBER 27, 1978.

*James W. Smith,* for appellant.
*Tom Strickland,* for appellee.