## 58209. MILTON v. WILKES.

Carley, Judge.

Milton filed suit against Mrs. Wilkes seeking damages as result of injuries sustained by Milton at Mrs.

Wilkes' home on February 11, 1976. Milton's complaint was filed on April 27, 1978, and served on April 29, 1978. Mrs. Wilkes by her answer raised the affirmative defense that the action was barred by the statute of limitation set forth in Code Ann. § 3-1004 providing that an action for personal injuries must be brought within two years.

It was undisputed that Mrs. Wilkes was absent from Georgia from June 9, 1977, through August 28, 1977, during which period of time she was physically present in the State of Florida. On this basis, Milton contends that the two-year statute was tolled during this period pursuant to the provisions of Code Ann. § 3-805. However, Mrs. Wilkes asserts that her absence from the state and her presence in Florida was merely a temporary sojourn and did not result in a change of her legal residence or domicile so as to toll the statute.

A jury was impaneled for the sole purpose of determining the question of Mrs. Wilkes' domicile during the period of her absence from Georgia. However, at the conclusion of the evidence, the trial court sustained Mrs. Wilkes' motion for directed verdict "on the ground that Mrs. Wilkes never did become a resident of the State of Florida in the sense that it was sufficient to toll the statute of limitations under title 3-805 and under this ruling by the Court it's unnecessary to pass on to the other questions . . ." From the judgment entered on the court's direction of a verdict, Milton appeals.

In determining the correctness of the trial court's deciding this issue as a matter of law, it is necessary to review the testimony elicited from Mrs. Wilkes with regard to the circumstances of her absence from Georgia and presence in Florida. Mrs. Wilkes testified that "I intended to make Florida my home if I could find a place that I could afford and buy there." She also stated that "I could not find a place that I could afford there . . . [s]o I had to come back to live here." Milton's attorney asked Mrs. Wilkes "But your intention was to live in Florida at that point?" to which she answered affirmatively as she did to the inquiry: "And you actually did not return to Georgia for the purpose of living in Georgia until August 28th, 1977?" Mrs. Wilkes further testified that when she arrived in Florida on June 9, 1977, it was her intention to

stay there, purchase a house and live there and that at that point she did not have "a fixed intention to return to the State of Georgia for the purpose of making that [her] home at that point . . ."

Mrs. Wilkes argues that her move to Florida was contingent on finding a home and calls attention to her testimony that she had lived in Long County all of her life, had been registered in Long County for a long time, had never registered to vote in Florida, had a Georgia driver's license, never tried to sell her Georgia home and never worked, paid rent or filed an official paper in Florida.

"The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him and he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him." *Lampkin v. Edwards,* 222 Ga. 288, 290 (3) (149 SE2d 708) (1966). See also *Finch v. Finch,* 234 Ga. 899 (1) (218 SE2d 627) (1975). The rule requiring adverse construction of a party's equivocal and contradictory testimony is applicable to the consideration of a motion for directed verdict "where the sole evidence on the essential elements submitted by a party is that party's own testimony." *Johnson v. Curenton,* 127 Ga. App. 687, 690 (195 SE2d 279) (1972).

With regard to tolling of the period of limitations, Code Ann. § 3-805 provides: "If the defendant, in any of the cases herein named, shall remove from this State, the time of his absence from the State, and until he returns to reside, shall not be counted or estimated in his favor." Accordingly, it is clear here that if Mrs. Wilkes did change her residence to Florida during the period when she admittedly was physically present in that state, the statute was tolled and the action was timely filed. If, however, as Mrs. Wilkes contends, her residence from a legal standpoint remained in Georgia, the action is barred by the statute of limitation.

"The question of domicile is a mixed question of law and fact, and is ordinarily one for a jury (*Harkins v. Arnold,* 46 Ga. 656; *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (1), 52 SE 898; *Stallings v. Stallings,* 127 Ga. 464 (5), 56 SE 469, 9 LRA (NS) 593; *Bellamy v.*

*Bellamy,* 187 Ga. 804, 2 SE2d 413), and should not be determined by the court as a matter of law except in plain and palpable cases. *Smith v. Smith,* 136 Ga. 197 (supra); *Mayo v. Ivan Allen-Marshall Co.,* 51 Ga. App. 250 (180 S E 20)." *Patterson v. Patterson,* 208 Ga. 7, 13 (64 SE2d 441) (1951). *Patterson* also held that the question may be withdrawn from a jury only if the evidence *demands* a finding that there has not been a change of domicile. In view of Mrs. Wilkes' own testimony, it cannot be said that the evidence demanded such a finding in this case. Thus, the question of Mrs. Wilkes' domicile was a question for the jury and the trial court erred in determining that question as a matter of law by withdrawing the same from the jury and directing a verdict on the issue.

*Judgment reversed. Shulman, J., concurs. Deen, C. J., concurs in the judgment only.*

SUBMITTED JULY 3, 1979 — DECIDED NOVEMBER 16, 1979.

*Richard D. Phillips,* for appellant.
*Frank W. Seiler,* for appellee.