36778. PRICE v. GIBSON.

JORDAN, Presiding Justice.

Nathaniel Gibson and his former wife Willie Ruth Gibson were divorced in Seminole County in July, 1978. Temporary custody of their minor child, age 6, was awarded to Lettie Price, the maternal grandmother and the appellant herein. After a hearing, and with the benefit of reports of the Department of Family and Children Services, permanent custody of the child was awarded to the father, Nathaniel Gibson, appellee herein, on May 11, 1979. Subsequent thereto with knowledge of this order, the appellant Lettie Price, who still had physical custody and possession of said child, allowed the mother Willie Ruth Gibson to take the child with her to Orlando, Florida.

On June 1, 1979, appellee Nathaniel Gibson brought a habeas corpus petition against Lettie Price and Willie Ruth Gibson alleging that he had been awarded custody of the child and that the defendants were detaining said child. A hearing was held on said petition on June 18, 1979, at which time the appellant stated that she had allowed the mother Willie Ruth Gibson to take custody of the child and that they had gone to Florida. Appellant's husband testified that he had told his wife to let Willie Ruth take the child. Thereupon, the court held appellant in contempt for failure to

produce the child and ordered her confined to jail until she produced said child. Several days later the appellant was released from jail and two or three additional hearings were held to allow the appellant to explain to the court her efforts to seek return of the child to Georgia. At one of these hearings a letter from Willie Ruth Gibson was allowed in evidence in which she stated, "I just want him and the court to know that my daughter will not return to Colquitt, Georgia." On the basis of these hearings, the trial court determined that the appellant "clearly understood" the prior orders of court dealing with custody of the child and that she had "knowingly and wilfully conspired with Willie Ruth Gibson to defy the order of the Court," concluding that she was in wilful contempt of court.

No further action was taken until May 10, 1980, when Nathaniel Gibson brought a motion for contempt alleging that the appellant had failed to purge herself of contempt. The court on June 26, 1980, ordered that "Lettie Price be placed in custody by the Sheriff's Department . . . and that she remain confined in jail until such time that she purge herself of contempt by producing the body of Elizabeth Gibson to the Court."

On June 30, 1980, appellant was granted a supersedeas by the trial court pending appellate review. We granted the application to appeal on July 21, 1980.

1. The first enumeration of error alleges that "the trial court erred in adjudging the appellant in contempt of court on the basis of the evidence adduced." We disagree. The record shows patience by the trial court in allowing the appellant to comply with its orders. The evidence is sufficient to authorize the trial court's findings that the appellant had knowledge of the order of court awarding permanent custody of the child to the appellee and that while the child was still within her custody and control she wilfully allowed her daughter "to take the child and leave with her." The case of *Bryant v. Nesbitt,* 242 Ga. 291 (248 SE2d 667) (1978) is inapposite in that the appellants in that case did not have custody of the child by virtue of a court order as did the appellant in this case.

2. Appellant contends that her ordered confinement in jail until "she produces the child in court" exceeds the court's authority under Code Ann. § 24-2615 (5) limiting the sentence of a contemnor to a fine of $200 and imprisonment not exceeding 20 days. This argument is without merit since this is a continuing contempt. *Adkins v. Adkins,* 242 Ga. 248 (248 SE2d 646) (1978) and *Salim v. Salim,* 244 Ga. 513 (5) (260 SE2d 894) (1979). Under Code Ann. § 50-115 the court had authority to order confinement until such time as the requirement was complied with or until proof was presented that compliance was absolutely impossible. *Dutton v. Freeman,* 213 Ga. 445, 448 (99 SE2d

204) (1957).
*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1980 — DECIDED NOVEMBER 25, 1980 —
REHEARING DENIED DECEMBER 17, 1980.

*King, Phipps & Associates, Henry E. Williams,* for appellant.
*Billy Grantham,* for appellee.