## 37972. TAYLOR v. TAYLOR.

WELTNER, Justice.

We granted the application of Elmer H. Taylor to appeal an order of contempt entered in the Superior Court of Walker County, wherein he was found in wilful contempt of court for failure to comply with a final judgment and decree of divorce previously entered in that court. We affirm.

Husband and wife were divorced in March, 1980. By virtue of the final judgment and decree title to the "garage property," located behind the marital residence and used as a junk car repair business, was "equally granted to both plaintiff and defendant so that each party will own one-half interest. At the time that the property is fully paid by the [husband] as heretofore set forth, the deed shall be executed in the joint names of plaintiff and defendant, as tenants in common." The judgment and decree further provided that "[husband] shall have the right to possess the garage property heretofore described, for the purpose of conducting his garage business, but upon succession [sic] of personal work by him in said garage for a period of 30 days, said cessation would constitute an abandonment of his garage business and would give both parties a right to joint possession of the premises." In addition, the husband was required to satisfy a number of existing debts, to pay the wife alimony until she began work, and to pay her attorney's fees.

Mrs. Taylor brought a contempt action against her former husband, alleging, *inter alia,* that he had failed to satisfy debts as required by the decree and that he had denied her joint possession of the garage property after having abandoned it by not working there for over 30 days.

At the contempt hearing the trial court found that Mr. Taylor had abandoned the "garage property" and had failed to pay the couple's debts as required by the final decree. The trial court found him in wilful contempt, ordered him confined in jail, and provided that he might purge himself by paying the debts and "either entering into an agreement concerning the fair rental of the premises with the petitioner or by completely vacating the premises within 30 days with all of his property, garage and personal, business or family." The order stated that "the sentence of confinement is hereby suspended

and held in abeyance upon the following conditions: [(a) and (b) omitted] (c) that within 30 days the respondent enter into an agreement with the [wife] to pay unto her one-half of the reasonable and fair rental value of [the garage] property, or, in the alternative, he vacate the garage property . . . By vacating said property, he shall remove all of his tools, equipment, junk cars, and other motor vehicles or parts therefrom together with his personal property and mobile home. At said time, the property shall be placed on the market for sale in order that the parties may equally divide the proceeds and both parties, if such event should occur, are required to cooperate in the sale of said premises for a reasonable and fair sum."

1. Where an otherwise valid final judgment recites that the parties waived findings of fact and conclusions of law, it will be presumed to be true, and a judgment is not subject to collateral attack on the ground that no written waiver appears in the record.

2. Mr. Taylor contends that the purge aspect of the order of contempt constitutes an abuse of discretion by the trial court. He argues that the trial court erred in allowing him to purge himself by performing acts not required by the final judgment, citing *George v. George,* 232 Ga. 389 (207 SE2d 26) (1974).

There is no contention that Mr. Taylor was not in wilful contempt. The trial judge was therefore empowered to confine him and to prescribe reasonable conditions for purge. *Adkins v. Adkins,* 242 Ga. 248 (3) (248 SE2d 646) (1978); *Gray v. Gray,* 127 Ga. 345 (4) (56 SE 438) (1907); *Tindall v. Nisbet,* 113 Ga. 1114 (4), 1135 (39 SE 450) (1901). The trial judge's conditions for purge were unquestionably reasonable, as they were designed to place the parties as nearly as possible in the same position they would have occupied had the husband obeyed the court order from the outset. See, e.g., *McDonald v. McDonald,* 234 Ga. 37 (1) (214 SE2d 493) (1975); *Harper v. Harper,* 231 Ga. 748 (204 SE2d 164) (1974); *Roberts v. Roberts,* 229 Ga. 689 (194 SE2d 100) (1972).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*William Ralph Hill, Jr.,* for appellant.
*Brown, Harriss, Hartman & Aaron, Robert J. Harriss,* for appellee.