## 38162. IN RE PRUITT.

GREGORY, Justice.

This case involves a contempt citation against an attorney who failed to appear in court when scheduled. A hearing on the question was conducted and the trial judge found Pruitt to be in wilful contempt.

Appellant Glyndon C. Pruitt is a resident of Gwinnett County and practices law both in Gwinnett and Hall Counties. On the mornings of May 12 and May 13, 1981, the trial judge found that appellant was not present when Judge Palmour called the criminal calendar in the Superior Court of Hall County, although appellant was attorney of record for two of the defendants on the calendar. At 2:30 p. m. on May 13, 1981, Judge Palmour called one of those two cases for trial. Appellant was handling a non-jury case in Gwinnett County at this time, but another lawyer, Mr. Don Peevy, announced that he was answering for appellant and that he would strike a jury then if the court insisted, but he would prefer to wait and let appellant handle the entire case. Court was then recessed until appellant could arrive, some forty-five minutes later.

Judge Palmour issued an order directed to appellant requiring him to show cause why he should not be held in contempt. This proceeding was referred to the Chief Judge of the Northeastern

Judicial Circuit, who assigned Judge Scoggin to hear and adjudicate the matter. Appellant filed his traverse to the citation, urging in his defense that he did appear for calendar call on May 12, 1981, that the district attorney approved in advance his absence from the May 13 calendar call, and that on the afternoon of May 13, 1981, his absence was not wilful or intentional, but was caused by conflicts in court schedules and that he had arranged for Mr. Peevy to appear as necessary in his behalf until he could arrive.

On August 14, 1981, the contempt proceeding came to trial. Both sides presented oral and documentary evidence surrounding the events of May 12 and May 13. Additionally, Judge Palmour testified as to seven prior instances, from November 1978 through November 1980, in which appellant had failed to appear in court before him when scheduled to do so. Appellant presented evidence and testimony offering explanations to justify his conduct on these prior occasions, and he pointed out that none of these prior episodes had resulted in a contempt citation or other punishment from the court. On September 1, 1981, Judge Scoggin adjudicated appellant to be in contempt and as punishment, ordered that appellant's name be stricken for one year from the roll of attorneys authorized to practice in the Superior Courts of the Northeastern Judicial Circuit and suspended appellant from practicing law in that circuit for a period of one year. On September 3, 1981, appellant filed his notice of appeal. He also filed his motion for supersedeas, which was granted on the same day.

(1) The evidence supports the trial judge's finding of contempt. While the charges against appellant were disputed by him, there was ample evidence on which the trial judge could base his decision. The trial judge's finding of contempt was not clearly erroneous and must be upheld.

(2) Appellant's second enumeration of error is that the punishment imposed on him by the trial court for contempt — suspension from the practice of law for one year in the Northeastern Judicial Circuit of Georgia — is not a punishment authorized by the laws of the State of Georgia. We agree.

The order of the trial court reads, in relevant part, as follows: "The most important and essential of the inherent powers of the Court is the authority to protect itself against those who disregard its dignity and authority by punishing for contempt. Accordingly, pursuant to Ga. Code Ann. § 24-105 (1971), this Court finds Glyndon C. Pruitt in willful contempt of this Court. . . . Mr. Pruitt's misconduct in the past fully shows that an alternative remedy, stemming from the inherent judicial authority, should be imposed in this case. Accordingly, Mr. Glyndon C. Pruitt's name is Ordered

stricken for one year from the roll of attorneys authorized to practice in the Superior Courts for the Northeastern Judicial Circuit, composed of Hall, Dawson, Lumpkin and White counties."

The basis of the punishment imposed in this case is subject to only one interpretation — it is punishment for contempt. While the trial court characterizes this punishment as an "alternative remedy, stemming from inherent judicial authority," it is clear from the context in which it was imposed that it was a punishment for contempt. This lawyer was cited for contempt. He was called before the trial judge to answer this charge of contempt. In its order, the trial court states that the most important power of the Court is the power to punish for contempt. The trial court found Pruitt to be in wilful contempt. At no point during the proceedings was Pruitt advised that the purpose of this hearing was other than an adjudication of the current contempt charge against him. The punishment imposed by the trial court can only be characterized as punishment for contempt.

Viewed as a punishment for contempt, this suspension was not authorized under Georgia law. The trial court is correct when it notes that the power to punish for contempt is an inherent power of the superior courts in Georgia. *Bradley v. State,* 111 Ga. 168 (36 SE 630) (1900). Since the writings of Blackstone, it has been recognized that the power to punish for contempt is necessarily inherent in all common law courts of record.[1] 4 Blackstone, Commentaries on the Laws of England, 282-288. The rationale which supports the contempt power is that a court may be unable to preserve order in judicial proceedings or to bring about the administration of justice without the powers to punish those who refuse to obey its rulings and orders. *Bradley,* supra, at 170.

While it is clear that our courts have the inherent power to punish for contempt, it is equally clear that the punishment which may be imposed in the exercise of this power is not unlimited in Georgia. Since 1861, our State Constitution has contained the following provision: "The power of the Courts to punish for contempt shall be limited by legislative acts." Ga. Const. Art. I, Sec. II, Par. VI (Code Ann. § 2-206). This court has consistently interpreted this provision to hold that the legislature has the authority to fix the limit of the punishment which the courts may impose for contempt, while the courts retain the power to define and determine what in fact

---

[1] It should be noted that contempt power is not exercised or even in existence in most civil law systems. Neither Latin American nor European civil law legal systems use any device of the nature of the common law contempt power. Goldfarb, The Contempt Power 1-46 (1963).

constitutes an act of contempt. *Cobb v. State,* 187 Ga. 448 (200 SE2d 796) (1939); *Bradley v. State,* 111 Ga. 168, supra; *Harrell v. Word,* 54 Ga. 649 (1875).

The legislature fixed the limit of the punishment which the superior courts may impose for contempt in Code Ann. § 24-2615, which provides: "The superior courts have authority ... (5) To punish for contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." This provision limits the authority of the superior courts to punish for contempt to a fixed fine and a fixed period of imprisonment, but does not include the authority to suspend or disbar an attorney for contempt. It must be remembered that this penalty is applicable to each separate act found by the trial judge to be contemptuous. Further, confinement may be extended indefinitely where the contempt is continuous. *Price v. Gibson,* 246 Ga. 815 (272 SE2d 716) (1980). In any event, the question of the extent of the punishment for contempt is one for the legislature, and not this court.

Appellee urges that the power to suspend an attorney for contempt is an alternative punishment inherent in all courts of this state, relying on the following language from the headnote of *DeKrasner v. Boykin,* 54 Ga. App. 29 (186 SE 701) (1936): "An attorney at law, admitted to practice in the courts of the State, is an officer of the court. As such, the court may, by virtue of an inherent power vested in it, admit, suspend, discipline, or disbar such attorney. For this no legislative permission is considered requisite; and if a statute exists, it is not regarded as exclusive in its provisions ..." In *DeKrasner,* however, the decision was not based on an analysis of the contempt power, but rather on the power of a superior court to order suspension of an attorney pending disbarment proceedings. The issues on which *DeKrasner* was decided are not present in this case and will not be considered here. The question presented in this case is whether a superior court may suspend an attorney from practicing before it as a punishment for contempt. *DeKrasner* did not decide that question.

The concept of inherent power of courts finds its source in the principle of separation of powers.[2] The idea is that each branch of the government, in order to independently carry out its functions, must have the powers traditionally exercised by that branch. *See, Wallace v. Wallace,* 225 Ga. 102, 110 (166 SE2d 718) (1969). The trial court

---

[2] For a good discussion of the origins and functions of the inherent powers doctrine, *see,* Wolfram, Regulation of the Legal Profession, 62 Minn. L. Rev. 619, 636-641.

held that the authority to suspend an attorney for contempt is such a power. While this may be the state of the law in some other jurisdictions, this is not the case in Georgia. In Georgia, our separation of powers decision regarding the extent of the authority to punish for contempt has already been consciously made and set forth in our constitution. Code Ann. § 2-206, supra. We interpret this to mean today, as we have in the past, that the legislature shall be the body to prescribe the limits on punishment for contempt. Our superior courts possess their inherent powers by the will of the people and for the benefit of the people. When the people, speaking through their constitution, place the power to limit punishment for contempt in the legislature, the inherent power of the courts is thus curtailed. The superior courts may only punish for contempt within the limits set forth in Code Ann. § 24-2615.

The attorney in this case was properly held to be in contempt. The punishment imposed by the trial court was not authorized, however, under Georgia law. Accordingly, this case is remanded to the trial court for further consideration in light of this opinion.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Jordan, C. J., and Smith J., who dissent to Division 1, and the judgment of affirmance.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Robert E. Andrews,* for appellant.

*Jeff C. Wayne, District Attorney, Charles Henry Frier, Assistant District Attorney,* for appellee.

*Omer W. Franklin, Jr., General Counsel State Bar, Victor Alexander, Jr., Assistant General Counsel State Bar, Michael J. Bowers, Attorney General, Kathryn Allen, Assistant Attorney General,* amicus curiae.