### S97A0502. GAY v. GAY.
(485 SE2d 187)

HUNSTEIN, Justice.

Husband and Wife in this divorce action are owners of an incorporated medical clinic where Wife is the sole physician. After Wife filed for divorce in May 1996, the court entered a temporary order restraining Husband or anyone acting on his behalf from coming onto the corporate property or interfering with corporate operations. The temporary order also directed Husband to return the corporate seal and corporate records to Wife. In September 1996, Wife filed an application for a contempt citation against Husband alleging that he had violated the temporary order. After a hearing, the trial court found Husband in both criminal and civil contempt. Husband was ordered incarcerated for a period of not less than 45 days for the criminal contempt. For the ·civil contempt, the trial court ordered Husband incarcerated until he purged the contempt by paying attorney fees and a fine and by returning to Wife the corporate seal and all corporate records. We granted Husband's application for discretionary appeal from the contempt order to consider whether the 45-day sentence imposed for Husband's criminal contempt was excessive under OCGA § 15-6-8 (5) and whether the trial court erred by simultaneously awarding attorney fees for Husband's civil contempt and directing that he be incarcerated until he pays that award.

1. OCGA § 15-6-8 (5) provides that superior courts have authority to "punish contempt by fines not exceeding $500.00 and by imprisonment not exceeding 20 days." A trial court has no power to impose a sentence of more than 20 days for a contemptuous violation of its order if that violation is treated as a single act. *Warner v. Martin,* 124 Ga. 387 (4) (52 SE 446) (1905). The penalties provided in § 15-6-8 (5) are applicable, however, to each separate act found by the trial court to be contemptuous. *In re Pruitt,* 249 Ga. 190, 193 (2) (288 SE2d 208) (1982). Therefore, the trial court was authorized to order Husband's incarceration for 45 days only if it found at least three separate instances of criminal contempt.

In its contempt order, the trial court held Husband in criminal contempt for his "willful disobedience and violation of [the temporary order]." The order does not state which act or acts of Husband were contemptuous and contains no specific findings to support the 45-day sentence imposed. Although findings of fact and conclusions of law are generally not required in a motion for contempt, *Adkins v.*

*Adkins*, 242 Ga. 248 (1) (248 SE2d 646) (1978), it is necessary that a contempt order contain sufficient facts to show the party is in contempt of court. *Floyd v. Floyd*, 247 Ga. 551 (1) (277 SE2d 658) (1981). Thus, where, as here, the trial court orders a party incarcerated for more than 20 days, the contempt order should contain sufficient facts to support the court's finding of more than one contemptuous act. Because the trial court failed to specify more than one contemptuous violation of its order, we find that any sentence in excess of 20 days imprisonment was unauthorized under OCGA § 15-6-8 (5). Accordingly, we remand the case so that the trial court may reconsider the issue of contempt consistent with this opinion.

2. In granting Husband's application, this Court also raised the issue of whether the trial court erred by simultaneously awarding attorney fees for Husband's civil contempt and directing that he be incarcerated until he pays that award. The trial court held Husband in civil contempt and entered an order providing as follows:

> The Defendant shall be taken into the custody of the Sheriff of Fulton County and incarcerated in the common jail of Fulton County and shall remain there until he purges himself of said contempt by the following:
>
> a. Payment of $1500.00 in attorney's fees;
> b. Payment of a $500.00 fine; and
> c. Returning to Plaintiff the Corporate seal and all Corporate records;
>
> or until further order of this Court.

A trial court is authorized to award attorney fees in a contempt action arising out of a divorce and alimony case. OCGA § 19-6-2 (a). Here, the trial court held a hearing after which the court determined that Husband was in wilful contempt of the court's temporary order. The trial court was, therefore, authorized to confine Husband and to prescribe reasonable conditions for him to purge the contempt. OCGA § 15-6-8 (5); *Taylor v. Taylor*, 248 Ga. 723 (2) (285 SE2d 695) (1982). To the extent the trial court ordered Husband's immediate incarceration and conditioned his release from incarceration on the payment of the attorney fee award, however, we find the trial court erred. Because the award of attorney fees was not part of any prior order, the trial court should not have made payment of the attorney fees a condition for purging the contempt without first allowing Husband a reasonable time to pay the fees. That portion of the trial court's order conditioning Husband's release on the payment of the attorney fee award is reversed.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 12, 1997 —
RECONSIDERATION DENIED JUNE 6, 1997.

Roderick D. Gay, *pro se.*
*Eugene P. Chambers III,* for appellee.