S97A1454. DUKE v. DUKE.
(495 SE2d 3)

SEARS, Justice.

We granted the discretionary application filed by the appellant to consider whether the trial court, in holding him in contempt, exceeded its authority in two respects. We conclude that it did.

First, because the weekly incarceration imposed on the appellant by Paragraph 7 of the trial court's order cannot be purged by compliance with the trial court's payment schedule, the purpose of the imprisonment is punishment and the contempt is thus criminal.[1] Further, the punishment imposed under Paragraph 7 totals more than 20 days in prison, and thus exceeds the trial court's power to punish for one contemptuous act.[2] In addition, because "the trial

---

[5] Id. at 496.
[6] *Dept. of Human Resources v. Phillips,* 268 Ga. 316, 320 (2) (486 SE2d 851) (1997). Accord *Brown v. Cronic,* 266 Ga. 779, 782 (470 SE2d 682) (1996).
[1] See *Thedieck v. Thedieck,* 220 Ga. App. 764, 766 (1) (470 SE2d 265) (1996); *Ensley v. Ensley,* 239 Ga. 860, 861-862 (238 SE2d 920) (1977).
[2] *Gay v. Gay,* 268 Ga. 106 (1) (485 SE2d 187) (1997); OCGA § 15-6-8 (5).

court failed to specify more than one contemptuous violation,"[3] the court's punishment of more than 20 days in prison was unauthorized.[4] Accordingly, we must remand the case to the trial court for it to reconsider that portion of its contempt order in light of our opinion.

In addition to the criminal contempt discussed above, the trial court also found the appellant in civil contempt, ordered him to pay $500 in attorney fees for this contempt action, and ordered that he be immediately incarcerated unless he pay that award. We have recently held, however, that if an award of attorney fees is not part of any prior order, a trial court may not make "payment of the attorney fees a condition for purging the contempt without first allowing [the contemnor] a reasonable time to pay the fees."[5] Accordingly, in this case, we reverse the part of the trial court's order that requires the appellant to be imprisoned unless he pays $500 in attorney fees.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*Martin L. Fierman,* for appellant.
Susan E. Duke, *pro se.*

---

[3] *Gay,* 268 Ga. at 107 (1).
[4] *Gay,* 268 Ga. at 106-107 (1); OCGA § 15-6-8 (5).
[5] *Gay,* 268 Ga. at 107 (2). Accord *Thedieck,* 220 Ga. App. at 766.