## A97A1518. BELL v. APREA.
(492 SE2d 247)

BEASLEY, Judge.

We granted Bell's application for discretionary appeal to determine whether the evidence supports her conviction of criminal contempt.

Bell is Aprea's former wife. They were divorced in June 1994. She was awarded custody of their two sons, and he was granted supervised visitation at the DFACS offices and then elsewhere. Bell sought to terminate Aprea's parental rights in 1995, but the case was dismissed because of improper venue and jurisdiction. However, an earlier suspension of Aprea's visitation remained in effect and Bell refiled her petition in the proper court. In June 1996, during the course of the termination proceeding, supervised visitation by Aprea with only the younger son on specified dates was ordered. Noting

that Bell did not communicate certain conditions of visitation to the family therapist, the order for visitation was "nullified" by the court and other visitation arrangements were ordered. The court further provided that Bell be "restrained from hindering or frustrating the progress of these sessions."

One of the sessions took place on July 29. Between 2:30 and 3:00 that afternoon, Bell's current husband was en route to their home when he noticed Aprea's car parked at an Applebee's Restaurant and Bar. Bell and her husband traveled back along the same route to take the child to his visitation session with Aprea. They observed Aprea's car still at Applebee's at about 5:00. Bell placed a 911 call to alert police to the possibility of a drunken driver. An officer later approached Aprea as he was pumping gas at a service station, questioned him for approximately three minutes, and let him go because he was not intoxicated. Aprea testified that he then proceeded to his visitation session and had an enjoyable visit. Bell testified that Aprea arrived at the session on time but lingered outside to smoke a cigarette.

Bell's testimony indicated that she placed the 911 call because Aprea had a drinking problem that caused him to become belligerent and disruptive. She testified that at the visitation preceding the July 29 session, she noticed an odor of alcohol about him. An employee of Applebee's testified that Aprea had been there less than an hour on the day in question and had consumed about one and one-half beers. Aprea acknowledged this although he disputed the amount consumed there. Two other bars are within walking distance of Applebee's. The mother of a friend of the parties' children was present on another occasion when Aprea visited the child after the July 29 incident, and Aprea smelled strongly of alcohol, was noticeably intoxicated and repeatedly threw rubber balls at the child's genitals despite the child's outcry of pain and protest.

Because of a jurisdictional problem involving the second termination proceeding in Jasper County, Bell instituted another proceeding in September 1996 for termination of Aprea's parental rights, also in Jasper County. Aprea filed this petition in mid-November charging Bell with contempt of the June 1996 order by placing the 911 call on July 29. Finding that Bell's conduct was primarily motivated by her desire to hinder and obstruct the orderly visitation pursuant to that order, the court found Bell in contempt and ordered that she be incarcerated for 48 hours."

"By imposing this unconditional imprisonment for a specified period, the court found appellant guilty of criminal contempt. [Cit.]" *Life for God's Stray Animals v. New North &c.*, 256 Ga. 338 (2) (349 SE2d 184) (1986). "The appellate standard of review of a criminal contempt conviction is whether, after reviewing the evidence in the

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. [Cit.]" *Arnold v. McKibbins*, 210 Ga. App. 262, 265 (6) (435 SE2d 685) (1993).

The court order subjected Bell to contempt by hindering or frustrating the progress of appellee's visitation sessions. Although the evidence may support the court's finding that her actions indicate a "desire" to accomplish such a purpose, it does not support a finding that any such purpose was achieved. There is no proof that Aprea's visitation was in fact hindered or obstructed. The evidence is insufficient to support the conviction of criminal contempt.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 22, 1997 —
RECONSIDERATION DENIED SEPTEMBER 19, 1997.

*Patricia M. Moon, Robert F. Mumford*, for appellant.
Minio Aprea, *pro se*.