### 41800. OPATUT et al. v. GUEST POND CLUB, INC.
#### (327 SE2d 487)

SMITH, Justice.

Appellee, Guest Pond Club, Inc., requested the Superior Court of Atkinson County to hold appellants, the owners of a chicken farm, in contempt of a consent injunction issued in 1981. The court entered several orders, appointing a court monitor and holding appellants in contempt. Appellants raise six enumerations of error. We affirm in part and reverse in part.

Appellants and appellee agreed to a consent injunction in 1981 that prohibited the Frances Egg Farm from discharging surface water into neighboring Guest Pond, a 1650-acre lake. In early 1983, appellee determined that appellants were allowing polluted water to flow into the lake in violation of the injunction. After several months of negotiations, appellee moved that appellants be held in contempt of the injunction.

The trial court initially entered an order holding appellants in contempt and setting out certain conditions by which appellants could purge themselves. The court subsequently entered an order allowing appellee to seek damages on the basis of the contempt motion. The court also provided for the appointment of a court monitor to inspect the egg farm on certain occasions. We granted appellants' application for interlocutory appeal as to these rulings by the trial court.

1. First, we address the trial court's decision to allow appellee to seek damages pursuant to the contempt motion.

"[A] motion for contempt 'is not tantamount to the filing of a complaint.' " *McNeal v. McNeal,* 233 Ga. 836 (213 SE2d 845) (1975). "[A]n application for contempt does not come within the definition of a pleading." *Hines v. Hines,* 237 Ga. 755, 756 (229 SE2d 744) (1976). Thus, an application for contempt may not, standing alone, serve to commence a civil action for damages as it is not a complaint. OCGA §§ 9-11-3, 9-11-7. We must reverse, noting that appellee has already filed suit for damages and an injunction in the Atkinson County Superior Court.

2. We now turn to the trial judge's decision to appoint a court monitor to inspect the egg farm.

The parties in this case requested that the trial court inspect appellants' attempts to remedy the problem in this case. The court is-

sued an order which stated, "The Court finds that it does not have time to make an inspection of the premises in controversy and that it should be made by a court appointed monitor. This Court, through its equity powers, does hereby name . . . a Special Court Monitor in this case. Said Monitor shall be a special officer of this Court and shall have the duty of investigating the claims of all parties in this case, and in particular to inspect the physical site which creates the dispute between the parties."

"The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from the abuse." *Clark v. Bd. of Dental Examiners,* 240 Ga. 289, 292 (240 SE2d 250) (1977). We find no abuse and no error.

3. Appellants charge, in their third enumeration of error, that the trial court erred in holding appellants in contempt. We disagree.

The consent order that appellants were found to have violated required appellants to prevent surface water from flowing from the egg farm onto appellee's property. Appellants testified that there was a problem with leakage from a dam built to retain water on their property, that they attempted to solve the problem, and that they succeeded in solving the problem. Appellee produced testimony that although appellants built a dam to retain water on their property, appellants actually breached the dam a number of times and hid a pipe in the dam to conduct water from their property to appellee's property.

Where the trial court sits as a finder of facts, it, not the appellate court, determines the credibility of witnesses. OCGA § 24-9-80; *Cobb County Bd. of Tax Assessors v. Sibley,* 248 Ga. 383, 384 (283 SE2d 452) (1981). The trial court's determination in a civil contempt case, in addition, will not be overturned absent an abuse of discretion. *Kaufmann v. Kaufmann,* 246 Ga. 266, 269 (271 SE2d 175) (1980). We find no error.

4. Appellants' fifth enumeration of error concerns the method laid out by the trial court through which appellants might be purged of contempt. Appellants specifically contest the appointment of the auditor, the requirement that appellants pay the auditor, the auditor's inspections, and the requirement that appellants submit an engineering plan for the control of surface water. Appellants acknowledge that the trial court's conditions will not be disturbed if they are reasonable. *McDonald v. McDonald,* 234 Ga. 37, 38 (214 SE2d 493) (1975). We find these conditions reasonable, thus we find no error.

5. Appellants finally contend that the trial court erred in its construction and application of the original order issued in 1981. They assert that the original order prohibited them only from "discharging" water from the chicken houses and the egg farm onto appellee's

land. They charge that the order does not require any affirmative action on their behalf or contemplate that they retain all surface water on their land.

While a court may not modify orders given in a previous action, it may construe and clarify such order. *Kaufmann*, supra at 268-69. The court must insure compliance with the spirit of the decree and see that the letter of the decree does not control the intent. Id. In this case, the trial court acted to prevent appellants from discharging "water from pits, lakes and ponds on [appellants'] property" onto appellee's property. We find the court's actions to be within the spirit and the letter of the original consent decree. We thus find no error. *Kaufmann*, supra.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 15, 1985 —
REHEARINGS DENIED MARCH 29, 1985 AND APRIL 16, 1985.

*Preston, Preston & Hudson, M. L. Preston, James D. Hudson,* for appellants.
*Berrien L. Sutton,* for appellee.