### 71733. WILBANKS v. DOLBERRY.
(340 SE2d 275)

BIRDSONG, Presiding Judge.

Dolberry sued Wilbanks, his former wife, for damages to realty and damages for breach of contract, based upon their divorce agreement whereunder the former wife Wilbanks leased property from Dolberry and agreed to return the premises in the same condition. The trial court denied Wilbanks' motion to dismiss and motion for directed verdict filed on the basis that an earlier suit by Dolberry for contempt of the divorce agreement, which suit Dolberry lost, was res judicata. The jury in the instant case found for Dolberry in the

amount of $3,057. This appeal followed. *Held*:

An action in equity can be res judicata of a later action for damages, or action at law, as to all matters put in issue or which might have been put in issue, so long as the cases arise upon the same facts and involve the same parties. *Kraft v. Forest Park Realty &c. Co.*, 111 Ga. App. 621, 628-629 (142 SE2d 402). The parties do not disagree that the factual circumstances are the same in both cases. If the plaintiff Dolberry could have included in his contempt action the claims he now makes for damages, the judgment in the contempt action is conclusive. Id. p. 629.

In *Portman v. Karsman*, 166 Ga. App. 398 (304 SE2d 379), we held that a prior domestic contempt action was not conclusive as to a related suit for damages, because the contempt action necessarily involved only whether the former husband wilfully violated the child support agreement by which he was to "maintain" hospitalization insurance, while the second suit involved only the child's entitlement to any insurance proceeds collected by the father. We found in effect that the issue of obligation to pay over any insurance proceeds was not, and could not have been, litigated in the contempt action, where the only question was whether the father had wilfully violated his obligation to "maintain" insurance.

While we do not doubt there may be some situations where a judgment in a prior contempt action will be conclusive upon a later action at law, it is not so here. As far as this record shows, by the undisputed pleading of the plaintiff Dolberry, the only issue litigated in the prior contempt action was whether the former wife Wilbanks *wilfully* violated the final judgment and decree in which she was obligated to return the property in the same condition as when she leased it. In the contempt action, the issues of simple breach of contract and for damage to property, were not litigated and could not be litigated. As in the similar *Portman* case, the finding that the former wife did not *wilfully* violate the divorce judgment and decree was not conclusive as to whether she damaged the property and breached her agreement to return it in the same condition. The jury heard the evidence and found Wilbanks liable for breach of contract and damage to property, and this neither conflicts with nor is precluded by the trial court's prior finding that she did not wilfully violate the divorce judgment and decree.

We find no harmful error demanding reversal of the judgment in the trial court's failure to send these pleadings out with the jury. The charge of the trial judge was correct and not misleading and appellant shows no law requiring the court to submit the pleadings to the jury.

The remaining enumeration of error is abandoned for failure to argue.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 3, 1986.

*G. Hughel Harrison,* for appellant.
*Richard P. Decker, Deborah L. Taylor,* for appellee.