S98A0037. HARRIS et al. v. U. S. DEVELOPMENT CORPORATION.
(502 SE2d 721)

CARLEY, Justice.

In July of 1992, James Harris and Helen Harris were divorced in Henry County pursuant to a final decree which incorporated a settlement agreement providing that she "shall be entitled" to the marital home in Henry County and that he "shall be entitled" to property on Tybee Island in Chatham County. Legal descriptions of both properties were attached and incorporated by reference. The settlement agreement further provided that Mr. Harris was responsible for a

loan from Eastern Financial Federal Credit Union which was secured by a deed to secure debt on the marital home, and that he was obligated to "take whatever actions he can" to have Ms. Harris' name removed as a co-debtor on the loan and to remove the security deed encumbering title to the Henry County property. Finally, the settlement agreement provided that Ms. Harris would "have a secured interest in the Tybee Island property until such time as the debt to Eastern Financial Federal Credit Union is extinguished or her name and her property are removed from said loan."

In August of 1992, Mr. Harris married Jennifer Barks. On three occasions thereafter, the Superior Court of Henry County found Mr. Harris in contempt of the divorce decree, due to his failure to pay the loan from the credit union and to have the security deed removed from the marital home. In October of 1993, the first contempt order provided that Mr. Harris "shall . . . purge himself by either placing the Tybee Island real estate up for sale or having the Eastern Credit Union lien removed from . . . Helen Harris's property within fourteen (14) days." Mr. Harris did not comply with this order. In March of 1994, the second contempt order required Mr. Harris to convey the Tybee Island property to Ms. Harris pursuant to a deed to secure debt and to have that security deed recorded. Again, he did not comply. Instead, in April of 1994, Mr. Harris filed the divorce decree of record in Chatham County and then conveyed the Tybee Island property to Ms. Barks. In September of 1994, the Superior Court of Henry County entered its third contempt order, authorizing Ms. Harris to sell the Tybee Island property and directing that the proceeds be used to pay the expenses of the sale and Mr. Harris' arrearages under the divorce decree, with the balance deposited into the registry of court until further order.

In May of 1995, Ms. Harris contracted to sell the Tybee Island property to U. S. Development Corporation (Corporation). Because of the controversy over the title to the property, the Corporation filed suit in the Superior Court of Chatham County, seeking specific performance of Ms. Harris' contract. After discovery, the Corporation filed a motion for summary judgment on its specific performance claim, and Mr. Harris and Ms. Barks filed a cross-motion. The trial court granted summary judgment in favor of the Corporation, and denied Mr. Harris' and Ms. Barks' cross-motion. Mr. Harris and Ms. Barks appeal, enumerating as error the grant of the Corporation's motion and the denial of their cross-motion.

The language of the settlement agreement incorporated into the divorce decree expresses the intent to convey title to the Tybee Island property to Mr. Harris and title to the Henry County property to Ms. Harris. See *Elrod v. Elrod*, 231 Ga. 222, 223 (1) (200 SE2d 885) (1973); *Richardson v. Park Ave. Bank*, 173 Ga. App. 43 (325 SE2d

455) (1984). Compare *Newborn v. Clay*, 263 Ga. 622, 623-624 (436 SE2d 654) (1993) (divorce decree failed to describe and dispose of property and, thus, did not affect title). Therefore, no genuine issue of material fact remains as to Mr. Harris' acquisition of title to the Tybee Island property in 1992. Under its unambiguous terms, the settlement agreement also granted Ms. Harris a special or equitable lien on the Tybee Island property. *Jones v. Jones*, 264 Ga. 169 (441 SE2d 745) (1994); *Routon v. Woodbury Banking Co.*, 209 Ga. 706, 707 (75 SE2d 561) (1953). Although such a lien may not "provide for the transfer of possession or automatic forfeiture of the property encumbered," it does place "upon the property an encumbrance so that it may be proceeded against, if necessary, in a subsequent equity action. [Cits.]" *Jones v. Jones*, supra at 170. Accordingly, resolution of this case is dependent upon whether the third contempt proceeding against Mr. Harris was an equitable action wherein the Superior Court of Henry County was authorized to permit Ms. Harris to foreclose the lien on the Tybee Island property created by the divorce decree and to sell the property at a non-judicial private sale.

The contempt action was merely ancillary to the divorce action. *Phillips v. Brown*, 263 Ga. 50, 51 (2) (426 SE2d 866) (1993). Thus, the only purpose of the proceeding was to place the parties in as nearly the same position as they would have occupied had Mr. Harris obeyed the divorce decree from the outset. Accordingly, in ruling on the motion for contempt, the trial court certainly had the authority to enforce the terms of the divorce decree against Mr. Harris, but it clearly lacked the authority to grant any additional substantive relief which was not within the scope of that decree. See *George v. George*, 232 Ga. 389, 392 (4) (207 SE2d 26) (1974). The divorce decree awarded title to the Tybee Island property to Mr. Harris and provided for Ms. Harris to have a security interest therein until the secured debt on the Henry County property was satisfied. Nothing in that judgment of divorce addressed Mr. Harris' default on his underlying financial obligation or Ms. Harris' enforcement of her security interest. Therefore, the trial court was authorized to use its contempt power to compel Mr. Harris to take all action necessary to convey to Ms. Harris the security interest awarded Ms. Harris in the Tybee Island property, but it was not authorized to permit Ms. Harris to *foreclose* on the property. The trial court's authority to enforce the divorce decree's initial award of a security interest to Ms. Harris is an entirely separate and distinct issue from its authority to order foreclosure on the property in the event of Mr. Harris' subsequent default.

The Superior Court of Henry County would have jurisdiction to address the foreclosure of property located in Chatham County only in the context of an equitable foreclosure action. *Kitchens v. Molton*,

172 Ga. 690-691 (4, 5) (158 SE 570) (1931). Such an action is an entirely separate proceeding. See OCGA § 44-14-49; *DeLay v. Latimer*, 155 Ga. 463 (1) (117 SE 446) (1923). It cannot be instituted by an ancillary motion for contempt in the underlying divorce case. See *Opatut v. Guest Pond Club*, 254 Ga. 258 (1) (327 SE2d 487) (1985). Moreover, in an equitable foreclosure action, a trial court would not be authorized to grant Ms. Harris the power to sell the property herself, since it "should not . . . appoint persons who have an interest in the suit or property." 59A CJS, Mortgages, § 852. Instead, it would only be authorized to appoint a disinterested party, such as a receiver or the sheriff. See *Kurfees v. Davis*, 178 Ga. 429 (173 SE 157) (1934); OCGA § 15-16-10 (a) (1). In addition, an equitable foreclosure action should not result in the grant of the authority to conduct a private sale of the property, since "a mortgage foreclosure sale ordinarily should be public in character." 59A CJS, Mortgages, § 855. Accordingly, in the context of the contempt action, the Superior Court of Henry County was not authorized to permit Ms. Harris to sell the Tybee Island property to the Corporation pursuant to a nonjudicial private sale.

Mr. Harris did not appeal the judgment in the contempt action. However, even assuming that that judgment could be res judicata as to him, it would not be res judicata as to Ms. Barks, who was not a party to the contempt action. Thus, the unappealed judgment in the contempt action does not affect Ms. Barks' record title to the Tybee Island property. Moreover, insofar as it purported to authorize a private foreclosure sale of the Tybee Island property by Ms. Harris herself, the contempt judgment is invalid because "[i]f the sale is conducted in a manner which it would not have been within the power of the court to authorize, such sale is void." 59A CJS, Mortgages, § 855. Specific performance is an available remedy only as to enforceable agreements. See *Moody v. Mendenhall*, 238 Ga. 689, 692 (6) (234 SE2d 905) (1977).

Thus, any issue as to whether the conveyance from Mr. Harris to Ms. Barks is fraudulent is moot. Construing the undisputed evidence of record most favorably for the Corporation, it could not receive viable title to the Tybee Island property from Ms. Harris. Compare *Smith v. Tippins*, 207 Ga. 262, 269 (1) (a) (61 SE2d 138) (1950). The divorce decree granted a security interest to Ms. Harris only until such time as the underlying debt secured by the Henry County property was extinguished. It is undisputed that that debt was satisfied on July 18, 1996. Therefore, Ms. Harris has no remaining interest in the Tybee Island property. Accordingly, the trial court erred not only in granting summary judgment in favor of the Corporation on the specific performance claim, but also in failing to grant summary judgment in favor of Mr. Harris and Ms. Barks as to that claim.

*Judgment reversed. All the Justices concur, except Sears, J., who dissents.*

SEARS, Justice, dissenting.

Although I concur fully in the majority's conclusion that the trial court erred in granting summary judgment to U. S. Development Corporation, I disagree with the majority's conclusion that Mr. Harris and Ms. Barks are entitled to summary judgment.

1. First, even assuming that the majority is correct that the trial court exceeded its contempt authority in ordering that Ms. Harris could sell the Tybee Island property and that she could do so by private sale, Mr. Harris was a party to that contempt action and failed to object to these procedures or to appeal the contempt order. He therefore is barred by res judicata from raising any objections to the contempt order in this action even if the contempt order can be considered void.[1] Accordingly, he is barred from raising any defense to U. S. Development's prayer for specific performance of its contract with Ms. Harris that is based upon the validity of the Henry County contempt order.

2. Further, there are two factual disputes which, if a jury resolved in U. S. Development's favor, would bar Ms. Barks from raising any objections to Ms. Harris's sale of the Tybee property to U. S. Development.

(a) The first of these disputes concerns res judicata. "The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."[2] Generally, it has been held that "[a] husband and wife are not privies for purpose of res judicata."[3] Moreover, although one spouse may act as the agent or representative of the other spouse in litigation, thus placing the spouses in privity,[4] the record does not establish without factual dispute that Mr. Harris, who transferred the property to Ms. Barks shortly before the third contempt action, acted in such capacity for Ms. Barks in the third contempt action in Henry County. Thus, to the extent that the trial court may have granted summary judgment to U. S. Development against Ms. Barks based on principles of res judicata, it erred. On the other hand, the evidence does raise a factual dispute regarding this issue, and if Mr.

---

[1] *Marshall v. Marshall*, 257 Ga. 494, 495-496 (360 SE2d 572) (1987); *Bennett v. State*, 268 Ga. 849, 850 (494 SE2d 330) (1998).

[2] *Waldroup v. Greene County Hosp. Authority*, 265 Ga. 864, 865 (463 SE2d 5) (1995).

[3] *Aycock v. Calk*, 228 Ga. App. 172, 175 (491 SE2d 383) (1997).

[4] *Waldroup*, 265 Ga. at 866; *Olson v. Harveston*, 158 Ga. App. 65, 68-69 (276 SE2d 54) (1981); *Culverhouse v. Atlanta Assn. for Convalescent Aged Persons,* 127 Ga. App. 574, 575 (194 SE2d 299) (1972).

Harris did effectively represent Ms. Barks's interests in the Tybee property in the contempt action, Ms. Barks would be barred by res judicata from raising objections to the Henry County judgment in this action.

(b) Moreover, although I agree with Mr. Harris's and Ms. Barks's contention that the trial court erred to the extent it may have granted summary judgment to U. S. Development based on a finding that Mr. Harris's transfer of the Tybee property to Ms. Barks was fraudulent, I also conclude that the existence of a factual dispute as to that issue precludes the grant of summary judgment to Ms. Barks.

For purposes of this dissent, it is unnecessary to detail the numerous facts that indicate that the transfer from Mr. Harris to Ms. Barks may have been fraudulent. It suffices to say that the evidence, including evidence of the timing of the transfer and of Mr. Harris's financial condition, creates a factual dispute regarding whether the transfer was fraudulent under either subsections (2) or (3) of OCGA § 18-2-22. Moreover, if a jury were to find that the transfer was fraudulent, then the transfer would be void,[5] thus precluding Ms. Barks from contesting any aspect of the sale from Ms. Harris to U. S. Development.

3. Further, it has been held that if a grantor of a security interest pays the debt but fails to have the security deed canceled, a purchaser without notice of the payment of the debt may defeat the rights of the grantor of the security deed.[6] This rule was developed in cases where the debtor had paid the debt before the sale occurred. Here, in stark contrast, Mr. Harris and Ms. Barks did not pay the debt until over two years after the Henry County court approved the sale, over one year after Ms. Harris contracted with U. S. Development for the sale of the property, and over six months after this lawsuit began. For these reasons, Ms. Barks's contention that her payment of the debt defeats U. S. Development's interest in the property is meritless.

4. For the foregoing reasons, I cannot agree with the majority's holding that the trial court erred in failing to grant summary judgment to Ms. Barks and Mr. Harris. I therefore dissent.

DECIDED JULY 15, 1998 —
RECONSIDERATION DENIED JULY 31, 1998.

*Lane & Jarriel, Walter J. Lane, Jr.,* for appellants.

---

[5] *Barclay v. First Nat. Bank of Polk County*, 265 Ga. 744 (462 SE2d 374) (1995); 37 CJS, Fraudulent Conveyances, § 52 (1997).

[6] *Burgess v. Simmons*, 207 Ga. 291, 297-298 (61 SE2d 410) (1950); *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 917 (423 SE2d 257) (1992).

*McCorkle, Pedigo & Johnson, David H. Johnson, John G. Hunter,* for appellee.