A99A2360. LEE et al. v. ENVIRONMENTAL PEST & TERMITE CONTROL, INC.
(533 SE2d 116)

POPE, Presiding Judge.

Environmental Pest & Termite Control, Inc. filed a motion for contempt against Darrell W. Lee, Dell Walker and Future Pest Control, Inc. d/b/a Future Termite & Pest Control. Environmental claimed that Lee, Walker and Future Pest Control had violated an interlocutory injunction, issued on July 22, 1998, which prohibited Lee and Future Pest Control from doing business with certain present and past customers of Environmental. The court found Lee and Future Pest Control in violation of the interlocutory injunction and fined them $5,000. Lee and Future Pest Control appeal, claiming that the evidence was insufficient to find Lee and Future Pest Control in either civil or criminal contempt and that the trial court imposed a sanction for criminal contempt greater than that allowed by law. We agree that the fine imposed on Lee and Future Pest Control is not authorized by law, reverse the judgment as to the fine only and remand the case with direction.

1. The threshold question is whether the trial court's contempt order found Lee and Future Pest Control to be in either civil or crimi-

nal contempt. "The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." (Citation and punctuation omitted.) *Grantham v. Universal Tax Systems*, 217 Ga. App. 676, 677-678 (2) (458 SE2d 870) (1995). The trial court ordered that Lee and Future Pest Control pay $5,000 to Environmental as damages for their violation of the court's previous order. The fine is not conditional upon future compliance and is imposed for prior acts. Therefore, the trial court found Lee and Future Pest Control guilty of criminal contempt.

2. Lee and Future Pest Control claim that there was insufficient evidence to support the trial court's finding of criminal contempt. The appellate standard of review of a criminal contempt conviction is whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Bell v. Aprea*, 228 Ga. App. 569, 570-571 (492 SE2d 247) (1997). In order to find contempt, there needs to be a showing of wilful disregard or disobedience of the order or command of the court. See *In re Gouge*, 206 Ga. App. 462, 463-464 (1) (425 SE2d 882) (1992).

The trial court's interlocutory injunction enjoined Lee and Future Pest Control from soliciting, servicing or otherwise doing any termite or pest control business with any customers of Environmental with which Lee had contact while employed by Environmental. Evidence shows that businesses which Lee could not service under the injunction would contact Lee who would in turn arrange for James Edmondson, a registered pest control technician, to perform the work. The work was not simply referred to Edmondson, but was an arrangement designed to circumvent the court's order. And Edmondson saw Lee personally provide pest pretreatment to a subdivision project sponsored by builders that he was ordered not to service under the injunction. Lee would also prepare termite inspection letters for builders with which he was forbidden to do business and arrange for them to be signed by another person. There is also evidence that Lee forged another's signature on a soil treatment record form he had completed for work that Future Pest Control did for R&D Construction, which is listed by name in the court's injunction. We find this evidence sufficient for a rational trier of fact to find beyond a reasonable doubt that Lee and Future Pest Control had intentionally violated the terms of the court's injunction.

3. Under OCGA § 15-6-8 (5), the superior courts have the power to punish contempt by fines not exceeding $500 and by imprisonment not exceeding 20 days. Even though contempt orders generally do not have to have specific findings of fact and conclusions of law, if the punishment is in excess of the fine or term of imprisonment allowed

under the statute, then there must be sufficient findings of fact to support more than one contemptuous act. *Gay v. Gay*, 268 Ga. 106-107 (1) (485 SE2d 187) (1997); see also *Grantham*, 217 Ga. App. at 677-678. The trial court ordered Lee and Future Pest Control to pay a $5,000 fine but did not find more than one specific violation of its injunction. Therefore, any fine exceeding $500 was not in accord with OCGA § 15-6-8 (5). We reverse the judgment as to the amount of the fine only and remand the case for entry of an order consistent with this opinion.

4. In their third enumeration of error, Lee and Future Pest Control contend that the evidence was not sufficient to support a finding of civil contempt. In view of Division 1 of this opinion, this issue is moot.

*Judgment affirmed in part and reversed in part and case remanded with direction. Smith and Miller, JJ., concur.*

DECIDED MARCH 29, 2000.

*Albert B. Wallace, Stephen B. Wallace II, Thomas J. Smith, Jr.,* for appellants.

*Decker & Hallman, William W. Briggs,* for appellee.