A08A1217, A08A1218. REECE v. SMITH; and vice versa.
(665 SE2d 918)

ELLINGTON, Judge.

This case is the latest in a series of appeals resulting from years of litigation between Gerry Smith and George Reece, who own adjacent parcels of property in Rabun County.[1] The trial court found the parties in criminal contempt of court for violating its prior orders; the court sentenced them to 20 days in jail and fined them

---

[1] See, e.g., *Reece v. Smith*, 276 Ga. 404 (577 SE2d 583) (2003); *Reece v. Smith*, 265 Ga. App. 497 (594 SE2d 654) (2004).

$500 each. In addition, the court ordered Smith to pay Reece $5,000 in damages for intentionally cutting down a tree on property that the court had ordered Smith to convey to Reece. Both parties appeal from the court's ruling. For the following reasons, we affirm the court's order in part and reverse in part.

Under OCGA § 15-6-8 (5), the superior court has the power to punish criminal[2] contempt by ordering the contemnor to pay fines not exceeding $500 and to serve no more than 20 days in jail. These penalties are applicable to each separate act of contempt found by the trial court. *Gay v. Gay*, 268 Ga. 106 (1) (485 SE2d 187) (1997); *In re Pruitt*, 249 Ga. 190, 193 (288 SE2d 208) (1982). "The appellate standard of review of a criminal contempt conviction is whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. In order to find contempt, there needs to be a showing of wilful disregard or disobedience of the order or command of the court." (Citations omitted.) *Lee v. Environmental Pest &c.*, 243 Ga. App. 263, 264 (2) (533 SE2d 116) (2000).

The undisputed facts of this case are as follows. Between May 2003 and May 2005, the parties repeatedly petitioned the Superior Court of Rabun County to intervene in a dispute over their property lines. During this time, the court entered a temporary restraining order, an interlocutory injunction, and a permanent injunction, as well as orders finding one or both of the parties in contempt for violating these orders. In May 2005, the parties entered into a settlement agreement in which they agreed to get an accurate survey of the disputed property and, based upon such survey, to formally convey portions of their property to the other party in settlement of the long-running dispute. Among the agreement's provisions, the parties specifically agreed that certain property adjacent to a pond would belong to Reece and that this property included a tall hemlock tree. The court entered a final order on May 31, 2005, which incorporated the settlement agreement and ordered the parties to "comply with [the settlement agreement] in every respect and take such other action as is necessary to carry out the settlement agreement."

On July 21, 2006, Smith filed a petition asking the trial court to hold Reece in contempt of the court's orders and the parties' agreement. Smith alleged that Reece had trespassed on his property several times, had threatened and hit him, and had caused rainwater and debris to flow onto his property. Reece denied the allegations and filed a counterclaim asking the court to hold Smith in contempt. In

---

[2] See *Ensley v. Ensley*, 239 Ga. 860, 861-862 (238 SE2d 920) (1977) ("If the contemnor is imprisoned for a specified unconditional period . . . , the purpose is punishment and thus the contempt is criminal.").

support of his claim, Reece averred that Smith cut down the hemlock tree, stole and destroyed a custom-built, wrought iron gate he (Reece) had erected across his driveway, interfered with the surveyors and removed pins marking the property lines, blocked the access roads to his property, piled debris on his property line, painted several trees and his deck, and stalked and harassed him and his guests. Reece also asked the court to order Smith to pay damages arising from the destruction of the hemlock tree and the gate. After conducting a hearing, the court found that each of the parties had committed some of the alleged acts of contempt and ordered them to serve 20 days in jail and pay a fine of $500. The court also ordered Smith to pay Reece $5,000 in damages for cutting the hemlock tree, but it denied Reece's claim for damage to the gate, ruling that Reece had failed to present sufficient evidence regarding the value of the gate. Both parties appeal from this order.

### Case No. A08A1217

1. In several enumerations, Reece contends that there was insufficient evidence to support a finding that he had violated the court's orders in the specific manners alleged in Smith's petition and to hold him in criminal contempt for those violations. As explained above, the court was authorized to sentence Reece to 20 days in jail and to fine him up to $500 for each individual act of criminal contempt. OCGA § 15-6-8 (5); *Gay v. Gay*, 268 Ga. at 106 (1). Thus, because the court sentenced Reece to 20 days in jail and fined him $500, this Court will affirm the contempt order if there is sufficient evidence to support a finding that Reece committed at least one of the contumacious acts listed in the court's order. Id.

According to the contempt order, the court found that Reece violated its previous orders by constructing a driveway in such a manner that it caused rainwater and mud to wash onto Smith's property on several occasions in 2005 and 2006. The court also found that, in 2006, Reece went onto Smith's property, threatened him, and slapped his arm and that Reece trespassed by driving into a sand pile in Smith's front yard. All of these findings were supported by Smith's testimony at the hearing. Although Reece denied Smith's allegations, "[w]here the trial court sits as a finder of facts, it, not the appellate court, determines the credibility of witnesses." (Citations omitted.) *Opatut v. Guest Pond Club*, 254 Ga. 258, 259 (3) (327 SE2d 487) (1985). We conclude that there was sufficient evidence to support the trial court's finding that Reece was in criminal contempt of its orders and to sentence Reece to serve 20 days in jail and to pay a $500 fine. See *Lee v. Environmental Pest &c.*, 243 Ga. App. at 264 (2) (standard for finding criminal contempt).

2. Reece contends the court erred in finding that there was insufficient evidence to support a damage award against Smith for Smith's removal and destruction of Reece's wrought iron gate. This alleged error is moot, however, for the reasons given in Division 3, infra.

### Case No. A08A1218

3. In several enumerations, Smith challenges the court's order finding him in criminal contempt and ordering him to pay damages to Reece. We do not reach Smith's arguments, however, because the portions of the trial court's order that Smith is challenging must be reversed for other reasons. Therefore, his arguments are moot.

> The contempt remedy is part of the judiciary's inherent power to enforce its orders. As such, an action for contempt is ancillary to the primary action and is characterized as a motion and not a pleading. Because a contempt action is not a new civil action, many provisions of the Civil Practice Act do not apply, and the Supreme Court of Georgia has consistently held that a party may not file a counterclaim in response to an application for contempt.

(Footnotes omitted.) *Carden v. Carden*, 266 Ga. App. 149, 150 (1) (596 SE2d 686) (2004). Further, because it is not a complaint, "an application for contempt may not, standing alone, serve to commence a civil action for damages." (Citations omitted.) *Opatut v. Guest Pond Club*, 254 Ga. at 258 (1).

Consequently, it was error for the trial court to allow Reece to file a counterclaim to Smith's contempt petition and to issue an order upon the counterclaim holding Smith in contempt and ordering him to pay Reece $5,000 in damages for cutting the hemlock tree. *Opatut v. Guest Pond Club*, 254 Ga. at 258 (1); *Carden v. Carden*, 266 Ga. App. at 150 (1). Thus, that portion of the court's order is reversed.

4. Although we have ruled in Division 3, supra, that Reece was foreclosed from pursuing a claim for damages through his counterclaim to Smith's contempt petition, we note that Reece may file a separate suit for damages resulting from the destruction of the hemlock tree and his wrought iron gate in the Superior Court of Rabun County.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 23, 2008.

*James M. Adam*, for appellant.
*McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay*, for appellee.