### A08A1138. BROCHIN v. BROCHIN.
(669 SE2d 203)

PHIPPS, Judge.

Gary Brochin ("the father") filed a petition in the Superior Court of DeKalb County seeking to hold his ex-wife, Susan Brochin ("the mother"), in contempt for violating certain provisions of the court's orders governing these parents' custody over and visitation with their two minor children. After a hearing, the court found the mother in contempt, suspended her overnight visitation rights with the children for six months, and ordered her to serve seventy-two hours in jail and pay the father attorney fees incurred in connection with the contempt petition. We granted the mother's application for discretionary appeal, and for the reasons set forth below, we affirm.

The record shows that the parties' divorce decree was entered in 2002 in the Superior Court of Fulton County and provided for custody of the children. Subsequently, the mother moved to DeKalb County and the father filed an action in the Superior Court of DeKalb County to modify the child custody provision.[1] In 2005, the DeKalb court issued orders in the father's action that, among other things, granted the father sole physical and legal custody of the children, set forth the mother's visitation rights, and prohibited the mother from "personally or through others encourag[ing] the minor children to contact legal counsel for the purpose of custody modification or facilitat[ing] contact between the children and counsel." The court acknowledged that the older child, then 14 years old, wished to live with the mother, but the court found that the mother was "not a fit and proper parent for purposes of any election by [the older child] to live with [her]."[2]

In early July 2007, during the mother's summer visitation with the children, she filed a custody modification action in the Superior Court of Fulton County, the county of the father's residence. By this time, both children were at least 14 years old, and the mother

---

[1] An action to modify child custody must be filed in the legal custodian's county of residence. OCGA § 19-9-23 (a).

[2] At the time of this finding, the Georgia Code provided that the selection of a child 14 years or older as to custodial parent was controlling unless the parent was determined to be unfit. The Code subsequently was amended to provide that the selection is presumptive unless the parent is determined not to be in the child's best interest. See OCGA § 19-9-3 (a) (5); Ga. L. 2007, p. 554, § 5.

attached to the modification action the children's affidavits indicating their election to live with her. The mother did not return the children to the father at the end of her summer visitation period.

Later that month, the father filed the contempt petition with the DeKalb court, arguing that the mother had violated that court's rulings concerning her visitation rights and concerning her facilitation of a meeting between the children and legal counsel. In the petition, he asked that the mother's visitation rights with the children be modified as a result of the contempt. By limited appearance, the mother argued that her Fulton County modification action barred the father's later-filed contempt action.

At the hearing on the contempt petition, the mother admitted taking the children to an attorney on June 26, 2007, the day the children signed their election affidavits. She explained that she thought the prohibition relating to legal counsel was limited to one specific attorney and no longer applied because both children were at least 14 years old. The mother also admitted that she did not return the children to the father as scheduled, explaining that the children did not want to return to their father.

The mother moved the court to stay the contempt hearing pending resolution of the Fulton County modification action. The court denied this motion and found the mother in contempt for wilfully violating its 2005 orders.

1. Because the mother has been released from jail and the suspension of her overnight visitation rights has ended, her appeal of these provisions of the court's order is moot.[3]

2. Under OCGA § 19-6-2 (a), the court was authorized to award the father attorney fees in connection with the contempt petition.[4] As it does not appear from the record that the mother has paid the attorney fees, and as her filing of an application for discretionary appeal acted as a supersedeas,[5] her appeal of the attorney fees award is properly before this court.[6] The mother challenges on appeal the court's underlying finding that she was in contempt and the court's authority to rule on the contempt petition. Where a finding of contempt is not authorized, an award of attorney fees under OCGA § 19-6-2 also is not authorized.[7]

---

[3] See *Cagle v. PMC Dev. Co. &c.*, 233 Ga. 583, 584 (212 SE2d 765) (1975).

[4] See *Thedieck v. Thedieck*, 220 Ga. App. 764, 767 (2) (470 SE2d 265) (1996) (court may award attorney fees in contempt proceeding involving child visitation rights).

[5] OCGA § 5-6-35 (h).

[6] See *Nicol v. Nicol*, 240 Ga. 673, 674 (1) (242 SE2d 129) (1978) (appeal of order to pay attorney fees incurred in contempt action held not to be moot).

[7] See *McGahee v. Rogers*, 280 Ga. 750, 754 (2) (632 SE2d 657) (2006).

(a) Applying the "plain legal error" standard of review,[8] we find that the petition was properly considered by the DeKalb court.

Generally, a contempt motion must be filed in the allegedly offended court,[9] here the DeKalb court. The mother argues, however, that the Fulton court also had the authority to adjudicate the issues raised in the contempt petition in the form of a counterclaim to the mother's pending modification action.[10] For this reason, the mother argues that the Fulton court was the proper forum to adjudicate these issues.

The father, however, could not have filed his petition for contempt as a counterclaim to the Fulton modification action, because he included in his petition a prayer for modification of visitation rights premised upon the mother's alleged contempt.[11] OCGA § 19-9-23 (b) precludes a party from bringing a request to modify visitation rights as a counterclaim to a modification action.[12] This Code section required the prayer for modification of visitation rights to be brought as an action separate from the Fulton County modification action. This separate action had to be filed in DeKalb County, where the mother resided.[13]

The mother points to no authority prohibiting the DeKalb court from ruling on a contempt petition properly before it. She cites to decisions in *Lawson v. Watkins*[14] and *Parking Deck, LLC v. Anvil Corp.*[15] that address principles of res judicata not applicable here, where there was no final judgment issued by the Fulton court. We find that the DeKalb court did not err in holding that it had the authority to rule on the contempt petition.

(b) The mother argues that the trial court erred in finding her in contempt for wilfully violating its orders.

---

[8] See *Seeley v. Seeley*, 282 Ga. App. 394, 395 (1) (638 SE2d 837) (2006).

[9] *Jacob v. Koslow*, 282 Ga. 51, 52 (644 SE2d 857) (2007).

[10] See *Buckholts v. Buckholts*, 251 Ga. 58, 61 (1) (302 SE2d 676) (1983) ("where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree").

[11] The mother erroneously argues that the father's prayer to modify visitation rights was not proper in a contempt proceeding. A trial court *can* modify visitation rights in a contempt proceeding, although it otherwise cannot modify the terms of a divorce decree in such a proceeding. See *Carlson v. Carlson*, 284 Ga. 143, 143-144 (663 SE2d 673) (2008).

[12] OCGA § 19-9-23 (b) provides: "A complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state." See *Seeley*, supra at 396 (OCGA § 19-9-23 (b) precludes parent from seeking to modify visitation rights in counterclaim to modification action).

[13] See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI (requiring all but certain specified actions to be filed in county of defendant's residence).

[14] 261 Ga. 147 (401 SE2d 719) (1991).

[15] 259 Ga. App. 1 (576 SE2d 24) (2002).

The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion. Therefore, if there is any evidence to support the trial court's determination that a party has wilfully disobeyed its order, the court's finding of contempt will be affirmed on appeal.[16]

(i) In its orders, the court awarded the father sole physical and legal custody of the children and provided for the mother a period of summer visitation. At the contempt hearing, the mother admitted that she did not return the children to the father at the end of her summer visitation period. Although the mother argues on appeal that the father "by his own words and actions, . . . ratified the children['s] decisions not to return[,]" the evidence was in conflict on this point. We find there was evidence to support the trial court's determination that the mother wilfully violated its order concerning visitation.

(ii) In one of its orders, the court forbade the mother from encouraging the children to contact legal counsel or facilitating such contact. At the contempt hearing, the mother admitted taking the children to an attorney. Although the mother claimed that she thought the order only applied to one specific attorney with whom the children previously had dealt, the order was not so limited. Likewise, although the mother claimed that she thought the order no longer applied because the children were of sufficient age to make a custody election under OCGA § 19-9-3, the order did not contain any such limitation. We find there was evidence to support the trial court's determination that the mother wilfully violated this order.

(c) The mother contends that the provision barring her from facilitating contact between her children and legal counsel was unenforceable on the ground that it effectively denied the children their right of access to the courts to seek a change in their custodial parent under the predecessor to OCGA § 19-9-3 (a) (5). The mother did not raise this challenge below and thus the trial court did not rule on it. Consequently, we find that the mother waived this argument on appeal.[17]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

---

[16] *Folds v. Barber*, 279 Ga. App. 671, 672-673 (632 SE2d 403) (2006) (citations and punctuation omitted).

[17] See *City of Atlanta v. Landmark Environmental Indus.*, 272 Ga. App. 732, 741 (5) (613 SE2d 131) (2005).

DECIDED OCTOBER 24, 2008 —
RECONSIDERATION DENIED NOVEMBER 6, 2008 —

*Belli, Weil, Grozbean & Davis, Douglas J. Davis*, for appellant.
*Michelle B. Rapoport, Robert E. Hall*, for appellee.