### A10A0372. JACOB-HOPKINS v. JACOB.
(697 SE2d 284)

BERNES, Judge.

Patricia Jacob-Hopkins and Ronald Jacob divorced in 1998. Since that time, they have been involved in litigation concerning the disposition of a rental house located in Quintana Roo, Mexico (the "Mexican Property"), each being owners of one-half interest in the Mexican Property. Most recently, following a hearing on Jacob-Hopkins's motion for contempt, the trial court held both parties in

contempt of a previously entered order, and appointed a receiver to take control of and sell the Mexican Property. The trial court further declared that all claims between the parties involving the Mexican Property were barred by the doctrine of res judicata. Jacob-Hopkins appeals that order, arguing that it is overly broad to the extent that it precludes her from filing an action for damages allegedly stemming from Jacob's contempt. We are constrained to agree.

The relevant underlying facts are as follows. Pursuant to the 1998 divorce decree, the parties each owned a one-half interest in the Mexican Property, sharing equally in its burdens and benefits. The divorce decree contemplated that Jacob-Hopkins would refinance or sell the Mexican Property within three years of the divorce; however, neither the refinance nor the sale ever took place.

In November 2007, Jacob-Hopkins filed a lawsuit against Jacob, contending that Jacob was retaining for his sole use certain benefits derived from the Mexican Property. Jacob filed a counterclaim in which he accused Jacob-Hopkins of breach of contract, waste, fraud, and bad faith. The parties thereafter entered into a mediated settlement agreement, pursuant to which Jacob agreed to convey his interest in the Mexican Property to Jacob-Hopkins in exchange for a promissory note and security interest (the "Settlement Agreement"). Jacob-Hopkins was to make monthly payments in favor of Jacob.

In February 2008, Jacob-Hopkins filed a motion to enforce the Settlement Agreement, which the trial court granted. In its order, the trial court expressly adopted the terms of the Settlement Agreement, making it the order of the court, and further ordered that Jacob refrain from interfering with Jacob-Hopkins's use of the Mexican Property (the "Final Order").

Jacob-Hopkins filed the instant contempt action in October 2008, alleging that Jacob was not abiding by the terms of the Final Order. She did not seek monetary damages in the motion. Following a hearing, the trial court concluded that both parties had in fact breached the Final Order, and expressly held them both in contempt. The trial court thereafter purged the parties of their contempt by appointing a receiver to take dominion and control of the Mexican Property, which was to be sold and the proceeds divided equally between the parties. Finally, the trial court's order provided that,

> as a result of a Final Order being previously issued in this matter, all claims between the parties regarding [their respective misconduct in the handling of the Mexican Property] are res judicata, and neither party shall be vested with any claim against the other regarding the Mexican [P]roperty.

Jacob-Hopkins argues on appeal that the trial court's order was overly broad to the extent that it forecloses her from filing an action for damages allegedly stemming from Jacob's breach of the Final Order. To this end,

> [a]n action in equity can be res judicata of a later action for damages, or action at law, as to all matters put in issue or which might have been put in issue, so long as the cases arise upon the same facts and involve the same parties.

(Citation omitted.) *Wilbanks v. Dolberry*, 177 Ga. App. 644, 645 (340 SE2d 275) (1986). See OCGA § 9-12-40.[1] Obviously, the dispute here arises from the same facts and involves the same parties as the contempt action.

It does not follow, however, that the matter of damages alleged to have stemmed from Jacob's breach of the Final Order was or could have been put in issue at the contempt proceeding. It is undisputed that Jacob-Hopkins's motion itself made no claim for monetary damages. And the contempt motion was merely ancillary to the underlying litigation, and "[was] not tantamount to the filing of a complaint." (Citation and punctuation omitted.) *Opatut v. Guest Pond Club*, 254 Ga. 258 (1) (327 SE2d 487) (1985). See *Harris v. United States Dev. Corp.*, 269 Ga. 659, 661 (502 SE2d 721) (1998) (noting that "the only purpose of [a contempt] proceeding [is] to place the parties in as nearly the same position as they would have occupied" had the trial court's order been obeyed from the outset). Indeed, when ruling on a motion for contempt, the trial court is limited to exercising that power necessary to enforce the terms of a previously entered order, and lacks the authority to grant additional substantive relief. See id. at 661; *Wilbanks*, 177 Ga. App. at 645.

Consequently, Jacob-Hopkins's motion for contempt did not serve as an action for damages stemming from the contempt, nor can it be said that the damage issue was before the trial court in the contempt proceeding. See *Opatut*, 254 Ga. at 258 (1); *Reece v. Smith*, 292 Ga. App. 875, 878 (3) (665 SE2d 918) (2008); *Carden v. Carden*, 266 Ga. App. 149, 150 (1) (596 SE2d 686) (2004). And while we appreciate the trial court's desire to exercise judicial economy and bring about a final resolution to this lingering property dispute, we agree with Jacob-Hopkins that the doctrine of res judicata cannot

---

[1] OCGA § 9-12-40 provides:

A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

preclude her from bringing an action for damages separate and apart from the contempt action underlying the challenged order. See *Stone v. Stone*, 295 Ga. App. 783, 785-786 (1) (673 SE2d 283) (2009); *Dial v. Adkins*, 265 Ga. App. 650, 652 (2) (595 SE2d 332) (2004); *Wilbanks*, 177 Ga. App. at 644-645; *Portman v. Karsman*, 166 Ga. App. 398, 399-400 (304 SE2d 399) (1983). Cf. *Harris*, 269 Ga. at 661-662; *Reece*, 292 Ga. App. at 878 (3); *Carden*, 266 Ga. App. at 150 (1).

*Judgment affirmed in part and vacated in part. Barnes, P. J., and Blackburn, J., concur.*

DECIDED JUNE 25, 2010.

*Krause, Golomb & Witcher, Roger F. Krause*, for appellant.
*Christopher C. McClurg*, for appellee.