**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 15, 2013

# In the Court of Appeals of Georgia

A13A0008. MULLINS-LEHOLM v. EVANS.

ELLINGTON, Presiding Judge.

Brandi Mullins-Leholm, the mother of five-year-old B. E., appeals from an order of the Superior Court of Paulding County holding her in contempt, eliminating her unsupervised visitation with the child, and ordering her to pay attorney fees. She contends that the court erred in considering a counterclaim for contempt and modification of her visitation that the child's father, Dustin Evans, filed in response to her contempt petition; that the court's finding that she was in contempt resulted from its unauthorized consideration of the father's counterclaim and evidence in support thereof; and that, as a result, the court's order finding her in contempt and ordering her to pay the father's attorney fees must be reversed. She also contends that the court erred in eliminating her unsupervised, weekday, and overnight visitation

with her child. For the following reasons, we reverse the court's order to the extent that it found the mother in contempt and ordered her to pay attorney fees, but affirm the court's modification of her visitation rights.[1]

The record shows the following undisputed facts. On March 8, 2008, B. E. was born to Mullins-Leholm and Evans (hereinafter, "mother" and "father," respectively), who were not married. In an August 2010 consent order, the father legitimated B. E., and the parties agreed on child support, custody, and visitation provisions, with the father being named as sole legal custodian of the child.

Two months later, the mother filed a petition for contempt, asking the court to hold the father in contempt for failing to comply with the visitation provisions of the consent order. The petition did not seek a modification of the visitation schedule or of any other provision of the consent order. The father answered the contempt petition and filed a counterclaim asserting that the mother was in contempt; he also sought a modification of the mother's visitation privileges and attorney fees. Although the mother's attorney objected to the court's consideration of the father's counterclaim,

---

[1] Although the court also denied the mother's contempt petition based upon its finding that the father was not in willful contempt, the mother does not challenge on appeal that portion of the order. Therefore, it stands affirmed as a matter of law. *Hammonds v. Parks*, 319 Ga. App. 792, 795 (4) (735 SE2d 801) (2012).

arguing that it was an unauthorized counterclaim to a contempt petition, the court conducted joint hearings on the mother's contempt petition and the father's counterclaim, allowing both parties to present evidence and argument in support of their petitions.

In its July 2011 written order, the trial court denied the mother's contempt petition against the father, finding that he was not in willful contempt. The court then ruled in favor of the father on his counterclaim, finding that the mother was in willful contempt of the consent order and ordering her to pay $7,500 in attorney fees "resulting from [the father] being forced to file his Counterclaim for Contempt" against her. In addition, the court modified the consent order by requiring that all of the mother's visitation be supervised, by suspending her weekday and overnight visitation, and by requiring her to have a psychiatric examination and to take parenting classes as a condition precedent to any restoration of her visitation rights. According to the order, the court concluded that it had the authority to modify the mother's visitation rights "pursuant to the Counterclaim filed by [the father] in this matter." Subsequently, in response to the mother's motion for new trial, the court issued an order in which it ruled that it had the authority to modify the mother's

visitation rights in the contempt proceeding, either sua sponte or on either party's motion, pursuant to OCGA § 19-9-3 (b). This appeal followed.

1. The mother contends that the trial court erred as a matter of law in considering the father's counterclaim to her contempt petition and in holding her in contempt as a result thereof. We agree.[2]

In *Carden v. Carden*, this Court held as follows:

The contempt remedy is part of the judiciary's inherent power to enforce its orders. As such, an action for contempt is ancillary to the primary action and is characterized as a motion and not a pleading. Because a contempt action is not a new civil action, many provisions of the Civil Practice Act do not apply, and the Supreme Court of Georgia has consistently held that a party may not file a counterclaim in response to an application for contempt.

(Footnotes omitted.) 266 Ga. App. 149, 150 (1) (596 SE2d 686) (2004). See *Jacob-Hopkins v. Jacob*, 304 Ga. App. 604, 606 (697 SE2d 284) (2010) (accord); *Reece v. Smith*, 292 Ga. App. 875, 878 (3) (665 SE2d 918) (2008) (accord). Indeed, the purpose of a contempt proceeding is to place the parties in as nearly the same position

---

[2] "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citation and punctuation omitted.) *Seeley v. Seeley*, 282 Ga. App. 394, 395 (1) (638 SE2d 837) (2006).

as they would have occupied had the respondent obeyed the previous order from the outset, and the trial court is limited to exercising only that power necessary to enforce the terms of that order. *Harris v. U. S. Dev. Corp.*, 269 Ga. 659, 661 (502 SE2d 721) (1998); *Jacob-Hopkins v. Jacob*, 304 Ga. App. at 606.

Therefore, the trial court erred as a matter of law when it considered and ruled upon the father's contempt counterclaim to the mother's contempt petition. *Carden v. Carden*, 266 Ga. App. at 150 (1). Consequently, the court was not authorized to hold her in contempt pursuant to the counterclaim, and that portion of its order must be reversed. Id.

2. The mother also contends that the trial court erred in ordering her to pay $7,500 in attorney fees as a result of the father "being forced to file his Counterclaim for Contempt" against her. Because we have concluded in Division 1, supra, that the father was prohibited from filing a counterclaim to the mother's contempt petition and that the court was not authorized to consider it, it follows that the court was not authorized to order the mother to pay the father's attorney fees resulting therefrom. See *Hammonds v. Parks*, 319 Ga. App. at 795 (3) (Because the mother's request for a change in custody was improper, the trial court erred in considering it, in ordering the father to produce documents in response to it, and in requiring the father to pay

5

the mother's attorney fees for his failure to produce the documents earlier.); see also

*McGahee v. Rogers*, 280 Ga. 750, 754 (2) (632 SE2d 657) (2006) (An award of attorney fees under OCGA § 19-6-2[3] requires a valid determination that the mother was in contempt of the consent order.); *Brochin v. Brochin*, 294 Ga. App. 406, 407 (2) (669 SE2d 203) (2008) ("Where a finding of contempt is not authorized, an award of attorney fees under OCGA § 19-6-2 also is not authorized.") (footnote omitted). Consequently, the court's award of attorney fees to the father must be reversed.

3. The mother contends that, because the trial court lacked the authority to consider the father's counterclaim for contempt,[4] the trial court erred in modifying her visitation rights in the context of ruling on her contempt petition. However, the record shows that, at the beginning of the contempt hearing, the mother's attorney expressly conceded that "it's well within the powers vested in [the trial court] to change

---

[3] See OCGA §§ 19-6-2 (a) (The trial court has the discretion to award reasonable attorney fees in contempt orders involving child visitation rights, but only after considering the financial circumstances of both parties as a part of its determination of the amount of attorney fees to award.); 19-9-3 (g) (The trial court has the discretion to award reasonable attorney fees in actions for modification of visitation rights.).

[4] See Division 1, supra.

6

visitation at any time for any reason whatsoever."[5] Consequently, the mother waived any objection to the court's modification of her visitation rights. See *Davis v. Phoebe Putney Health System*, 280 Ga. App. 505, 506 (1) (634 SE2d 452) (2006) ("A party cannot participate and acquiesce in a trial court's procedure and then complain of it.") (citation omitted).

It follows that, absent any other preserved allegation of error, we affirm the portion of the trial court's order that modifies the mother's visitation rights.

4. Given this Court's rulings in Divisions 1 through 3, supra, the mother's remaining enumerated errors are moot.

*Judgment affirmed in part and reversed in part. Phipps, C. J., and Branch, J., concur.*

---

[5] In addition, in her brief in support of her motion for new trial, the mother "concede[d] that either party or the Court can move to modify visitation in a contempt action based upon the best interests of the child."