**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 17, 2020**

# In the Court of Appeals of Georgia

A20A1272. IN RE ESTATE OF BUTLER.

COLVIN, Judge.

When the parties to a will dispute reached a settlement, a probate court entered a consent order requiring appellant and executor Anita Butler to offer her late father's will in Vermont in order to transfer a parcel of real estate located there. When Butler failed to do so, the caveators to the will moved to enforce the consent order and for contempt, which the probate court granted, imposing damages as well. On appeal from that judgment, Butler argues that the court erred when it found her in contempt and that it lacked the power to enter the award of damages against her. We agree with the latter contention and therefore affirm in part and reverse in part.

On appeal from an order on a petition in probate, "we will not set aside the probate court's findings unless they are clearly erroneous[,] and when such findings

are supported by any evidence, they will be upheld on appeal." (Footnote and punctuation omitted.) *In the Interest of M. P.*, 338 Ga. App. 696, 697 (791 SE2d 592) (2016). We review the probate court's application of the law de novo, however. Id.

So viewed, the record shows that after Butler petitioned the Chatham County probate court to probate the will of her father William, her relatives filed an objection and caveat. In September 2017, the parties reached a settlement under which Butler was required to "cause the Will in conjunction with this Settlement Agreement . . . to be offered for ancillary probate or such other procedure necessary in Vermont to enable her to convey" the Vermont property, a condominium. The agreement also provided that Butler "shall . . . execute a deed to the Vermont property to Caveators" and that "[a]s of September 1, 2017, Caveators shall be responsible for all costs of the Vermont property including but not limited to condo fees, insurance and taxes." On October 3, 2017, the trial court entered a consent order approving and enforcing the settlement agreement.

On November 26, 2018, the caveators brought a motion to enforce the consent order and for contempt, alleging that Butler had failed "to institute appropriate ancillary probate proceedings in Vermont and therefore ha[d] also violated her obligation" to execute a deed in favor of the caveators. On January 4, 2019, Butler

filed a response, not accompanied by any affidavits, claiming that she had retained local counsel and was moving toward accomplishing the transfer. On January 11, 2019, the probate court set the matter for a hearing. On January 22, 2019, more than a year after the consent order was entered, the decedent's 2013 will was admitted to probate in Vermont.

On July 10, 2019, one of the caveators filed an affidavit with supporting exhibits stating that Butler could have proceeded with the transfer sooner and that as a result of her not doing so, the caveators had incurred expenses of $33,669.25 and had been barred from selling the Vermont property. On September 11, 2019, after notice, the matter came on for a hearing. No transcript was prepared. On September 20, 2019, the trial court entered an order granting the caveators' motion to enforce the consent order, noting Butler's "[w]ilful failure to comply" with the consent order, and awarding the caveators "the sum of $19,272.18 constituting the amount of carrying costs incurred by [them] as to the Vermont property for the period December 6, 2017, through December 3, 2018."

On appeal from this order, Butler argues that the probate court lacked evidence for its finding that she had violated the consent order and that the court erred when it imposed damages without notice that she was exposed to liability.

1. As a preliminary matter, we note the essential distinction between criminal and civil contempt: "criminal contempt imposes *unconditional* punishment for *prior* acts of contumacy, whereas civil contempt imposes *conditional* punishment as a means of coercing *future* compliance with a prior court order." (Citation and punctuation omitted; emphasis in original.) *Murtagh v. Emory Univ.*, 321 Ga. App. 411, 415 (2) (741 SE2d 212) (2013), disapproved on other grounds, *SRM Group, Inc. v. Travelers Prop. Cas. Co. of America*, — Ga. —, n. 6 (814 SE2d 729) (2020). We also note that although the trial court found Butler in contempt in order "to see that the previous orders of this Court are enforced and the provisions of such orders . . . carried out in a timely and reasonable manner," the court found it "appropriate to award" the caveators "the sum of $19,272.18 [as] constituting the amount of carrying costs incurred" by them as to the Vermont property – that is, as an award of damages.

Although Butler argues that the evidence did not support the probate court's finding that she was in civil contempt for failing to transfer the deed to the Vermont property, Butler has the burden of showing error below, and when the appeal "draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-41(c).

4

Where the appellant fails to provide a transcript from which this court may determine the existence of the alleged error, this court has nothing to review. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Citations and punctuation omitted.) *Barnwell v. TPCII, LLC*, 295 Ga. 153, 154 (758 SE2d 281) (2014). In the absence of a transcript of the evidentiary hearing held on September 11, 2019, we must assume that the probate court's judgment that Butler was in contempt was correct, and we therefore affirm that portion of the judgment. Id. We also note that the caveators' affidavit supports the trial court's judgment. See *Opatut v. Guest Pond Club, Inc.*, 254 Ga. 258, 259 (5) (327 SE2d 487) (1985) (affirming a trial court's finding of civil contempt, including its application of the order being enforced, as "within the spirit and letter of the original consent decree" and thus within its discretion).

2. We cannot construe this trial court's imposition of more than $19,000 in damages as a fine for criminal contempt because "a superior court has the power to punish acts of criminal contempt 'by fines not exceeding $500.00 or by imprisonment not exceeding 20 days.'" *Murtagh*, 321 Ga. App. at 415 (2) (quoting OCGA § 15-6-8 (5), and reversing a fine of $15,000 for three acts of contempt as in excess of that

authorized by the statute). The trial court's order thus appears to impose damages on Butler for her act of civil contempt. This violates the law for two reasons. First, it imposed damages unconditionally, whereas "civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." (Citation and punctuation omitted; emphasis omitted.) *Murtagh*, 321 Ga. App. at 415 (2). Second, and although the caveators included evidence as to their damages resulting from Butler's delay, there is no complaint in the record. As the Supreme Court of Georgia has succinctly held:

> A motion for contempt is not tantamount to the filing of a complaint[, and] an application for contempt does not come within the definition of a pleading. Thus, an application for contempt may not, standing alone, serve to commence a civil action for damages as it is not a complaint. OCGA §§ 9-11-3, 9-11-7.

(Citations and punctuation omitted.) *Opatut*, 254 Ga. at 258 (1).

Here, the caveators' petition asked only that "the [probate court] compel compliance with the [consent order] and/or hold Anita Butler in contempt for her continuing failure to comply" with it. In the absence of a complaint that would commence a civil action authorizing an award of damages, we must reverse the

6

probate court's award of damages in this case. Id. at 258 (1) (reversing a trial court's award of damages made pursuant to a contempt motion).

*Judgment affirmed in part and reversed in part. Reese, P. J., and Markle, J., concur*.