295 Ga. 153
FINAL COPY

S14A0238. BARNWELL v. TPCII, LLC.

Benham, Justice.

Appellee TPCII, LLC acquired a quitclaim deed to certain Tybee Island property from the party who bought the property in a sheriff's sale. Appellant Chauncey Brown Barnwell held a security interest in the property by a recorded security deed, but that deed did not provide appellant's address. Appellee personally served a notice of foreclosure of the right of redemption upon certain other persons and entities that claimed to hold an interest in the property, and it served appellant via publication. Appellee then filed a quiet title action and, after a hearing before a special master was conducted, the trial court adopted the special master's report and entered a decree of title in favor of appellee. Appellant filed a motion for new trial, asserting he was not properly served with the notice of foreclosure of the right of redemption because, he claimed, the facts failed to show appellee exercised due diligence in pursuing "every available channel of information" available to locate him so he could be personally served. After conducting a hearing on the motion, the trial court denied appellant's motion for new trial.

Appellant claims an interest in the property at issue in this case and he resides outside the county in which the property is located. Pursuant to OCGA § 48-4-45 (a) (2), in order to foreclose such a person's right to redeem the property from a tax sale, the tax sale purchaser, or his successor, is required to cause notice of the foreclosure to be sent by registered or certified mail or statutory overnight delivery "if the address of that person is reasonably ascertainable." Each of appellant's enumerations of error calls into question the sufficiency of the evidence to support the legal conclusion that appellant was properly served by publication when, according to appellant, appellee failed to exhaust every available channel of information available to it to locate appellant in order to serve him by mail. The special master in this case conducted an evidentiary hearing and determined that appellee complied with the requirements of OCGA § 48-4-45 (a) (2) when it served the notice of foreclosure of right of redemption upon appellant by publication. The trial court reached the same conclusion after another hearing on the issue when it denied appellant's motion for new trial. Neither of these hearings was transcribed.

The appellant has the burden of showing error below, and when the appeal "draws in question the transcript of the evidence and proceedings, it shall be the

duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-41 (c). Where the appellant fails to provide a transcript from which this court may determine the existence of the alleged error, "this court has nothing to review." *Blackshear v. Blackshear*, 232 Ga. 312, 314 (2) (206 SE2d 429) (1974). "[W]here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981) (affirming superior court's grant of summary judgment based on the probate court record when the transcript of the probate court proceeding was not included in the appellate record). "In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." *Popham v. Yancey*, 284 Ga. 467, 468 (667 SE2d 353) (2008). As in *Popham*, a review of the transcripts of the proceedings below is required in this case to sort out the appellant's claims. In the absence of such transcripts, we affirm the judgment below.

Judgment affirmed. All the Justices concur.

Decided May 5, 2014.

Title to land. Chatham Superior Court. Before Judge Bass.

Chauncey B. Barnwell, pro se.

Bouhan Falligant, Elsie R. Chisholm, Andrew H. Dekle, for appellee.