**FIRST DIVISION**
**GOBEIL, PIPKIN and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 30, 2020**

# In the Court of Appeals of Georgia

A20A1305. WALIA v. WALIA.

COLVIN, Judge.

Gursharanjit Singh Walia ("Father") sued Harpreet Singh Walia ("Son") for failure to pay on a loan for a condominium that Father financed on the Son's behalf. The trial court granted Father's motion for summary judgment in an order that made the following findings: the loan document and term sheet relied upon by the Father were enforceable; Son had made no good faith payments under the terms of the Note; Son was liable for damages arising from his breach of contract; the property should be held in a constructive trust in favor of the Father; and, punitive damages and attorney fees should be awarded to Father. Son appeals from this order, arguing that a question of material fact existed about the validity of the loan documents, that the trial court erred in imposing a constructive trust to benefit the Father, and that the trial

court erred in awarding punitive damages. For the following reasons, we affirm the grant of summary judgment, but reverse the trial court's award of punitive damages.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Ware v. Multibank 2009-1 RES-ADC Venture, LLC*, 327 Ga. App. 245, 246 (758 SE2d 145) (2014).

Viewed in this light, the record shows that in the summer of 2009, Father gave Son funds to use as the down payment for a condo. Son attempted to purchase a condo in the Atlanta area using these funds, but was unable to obtain financing for a mortgage. Father then purchased the condo in cash and allowed Son to live there. Because the condominium development's rules required each unit to be owner-occupied, the purchase was structured with Father and Son each taking a 50% share as joint tenants with rights of survivorship. Son paid the $27,500 down payment with funds gifted from Father, and Father paid the $110,000 balance as a loan to his son.

As part of the purchase transaction, Son promised to repay Father's $110,000 loan in 360 equal monthly payments of $305.55 each (with no interest accruing). Father and Son executed a notarized document outlining the repayment terms. The first payment was to start on January 1, 2011. Father and Son worked on a separate term sheet for the loan, which included that Son would repay Father, and that Son would pay taxes, association fees, maintenance, and utilities. It also outlined the terms if the unit were to be rented or sold.

Son lived in the condo for five years before moving to another city. Son has never made any payments to Father. Father had to invest an additional $20,170 in property taxes, insurance, and association dues for the benefit of Son.

On June 28, 2018, Father sued Son for breach of contract, unjust enrichment, misappropriation, conversion and constructive trust. The trial court held a hearing on Father's motion for summary judgment, which was not transcribed. Son appeals.

1. Son argues that the trial court erred in granting summary judgment for breach of contract because there is an issue of material fact as to whether a binding contract was entered into and because the contract lacked valid consideration. This enumeration is without merit.

(a) Son argues an issue of material fact exists as to whether the loan document and term sheet relied upon by Father were part of a binding contract. Father provided affidavit testimony that the term sheet and loan document were intended by both parties to dictate the terms of the loan. Because there is no transcript of the hearing and because Son has not pointed to any conflicting evidence in the record showing that the loan document or the term sheet were not intended to be part of the same contract, we cannot conclude that an issue of material fact exists for the jury to decide as to those issues.[1] See OCGA § 5-6-41 (c). See also *Barnwell v. TPCII, LLC*, 295 Ga. 153, 154 (758 SE2d 281) (2014) (where the appellant fails to provide a transcript from which this court may determine the existence of the alleged error, this court has nothing to review).[2]

---

[1] In its order, the trial court noted that it relied upon the parties' oral argument in making its decision.

[2] Compare *Executrix of the Estate of Seamans v. True*, 247 Ga. 721, 723 (3) (279 SE2d 447) (1981) (hearing transcript was irrelevant to the appellate review of the summary judgment ruling where trial court's order stated that the ruling was based solely upon parties' pleadings). In the instant case, the trial court's order notes that it revised its previous oral ruling after reflection upon "the briefs and arguments of counsel" at the hearing.

(b) Son's argument that Father's breach of contract claim fails for lack of consideration because the notarized document attesting their repayment terms was executed *after* the Father closed on the mortgage is similarly without merit.

"In an action on a promissory note, a claimant may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed. On a motion for summary judgment, the burden then shifts to the obligor to establish an affirmative defense to the claim, such as the lack of consideration." (Citations and punctuation omitted.) *Han v. Han*, 295 Ga. App. 1, 3 (2) (670 SE2d 842) (2008). See OCGA § 13-3-40 (a) (consideration is essential to an enforceable contract). Further, "past consideration will not support a subsequent promise." (Citations and punctuation omitted.) *Lewis v. Ikner*, 349 Ga. App. 21, 26 (1) (a) (825 SE2d 443) (2019).

The parties closed on the property on July 24, 2009. The loan document, signed August 4, 2009, has both Father's and Son's notarized signatures on it. It plainly states that Father "loaned $110,000 to [his] son. . . ." Further, Father provided uncontested testimony in his affidavit that he paid for the mortgage with the intention that all but the down payment would be a loan to his son and that both parties understood this agreement at the time the loan was closed. Son has not pointed to any

5

evidence contradicting these facts. Thus, the trial court did not err by concluding that loan document and repayment terms were all contemplated by the parties at the purchase of the condo and were part of the same transaction and occurrence. See *Boot v. Beelen*, 224 Ga. App. 384, 385-386 (1) (480 SE2d 267) (1997) (consideration was not past consideration where defendant told the plaintiff at the time the money was spent that he would repay her, and this promise was later memorialized in writing).[3]

2. Son argues that the trial court erred by granting a constructive trust because Father is no longer the owner of the condo, because Father waived his right to a constructive trust by waiting nine years to object to Son's nonpayment, and because constructive trusts are not available for breach of contract actions.

(a) Son first argues that Father is no longer the owner of the condo and thus, a constructive trust is not available. Father responds that the ownership of the condo has since transferred back to him.

---

[3] Compare *Lewis,* 349 Ga. App. at 26 (1) (a) (money that mother gave to son for down payment and for repairs to son's home did not constitute "valuable consideration" for promissory note and thus, the promissory note lacked consideration and was not enforceable; although mother claimed the promissory note memorialized the parties' prior agreement, mother admitted that son did not promise that he would repay her at the time the money was paid, the money was considered to be a gift, and the mother paid 19 months before the note was executed).

Father's complaint alleges that on June 30, 2014, Son moved out of the condo. Father's other son, Sunny Singh, moved in and Father temporarily conveyed his interest in the condo pursuant to a warranty deed to Sunny Singh on February 8, 2016, in order to comply with the HOA rules that the condo be owner-occupied. As noted above, the transcript of the summary judgment hearing was not provided for our review. Thus, we must presume the trial court's judgment on this issue is correct. See *Barnwell*, 295 Ga. at 154.

(b) Son's argument that Father waived his right to a constructive trust because he waited nine years before suing Son is without merit.

We first note that Son did not raise this argument in his summary judgment response brief. See *Matthews v. Yoplait, USA*, 352 Ga. App. 591, 597 (835 SE2d 393) (2019) ("An argument not raised in the trial court is waived and cannot be raised for the first time on appeal") (citation and punctuation omitted).

"A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-132 (a). Accord *Roberts v. Smith*, 341 Ga. App. 823, 828 (2) (801 SE2d 915) (2017). OCGA § 53-12-132 (b) provides that "[t]he

7

person claiming the beneficial interest in the property may be found to have waived the right to a constructive trust by subsequent ratification or long acquiescence."

> Whether laches should apply depends on a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the claimant or the adverse party possessed the property during the delay. These factors are relevant because laches is not merely a question of time, but principally a matter of inequity in permitting the claim to be enforced.

(Citation omitted.) *Cagle v. Cagle*, 277 Ga. 219, 220 (1) (586 SE2d 665) (2003) (doctrine of laches barred action brought by administratrix of her father's estate to impose constructive trust on property titled in her uncle's name where action was brought 36 years after farm was conveyed and three years after father died). "[T]he question of laches is addressed to the sound discretion of the trial court, and on appeal the exercise of that discretion will not be disturbed unless it is so clearly wrong as to amount to an abuse of discretion." *Davis v. Davis*, 310 Ga. App. 512, 516 (713 SE2d 694) (2011).

Here, Father did not seek a constructive trust until it became clear that the condo would be sold, and he filed suit soon after. Further, because there was no

8

transcript, the Son cannot show that the there was any evidence presented during the hearing to prove that Father had waived his right to a constructive trust. Accordingly, we must presume the trial court did not abuse its discretion in its ruling. See *Barnwell*, 295 Ga. at 154.

(c) Son's argument that constructive trusts are not available for breach of contract actions is also misguided. The trial court granted summary judgment on Father's claims for breach of contract *and* unjust enrichment. The trial court found Son liable for unjust enrichment because Son "is on the deed for the condominium explicitly due to his promise to repay [Father] for the purchase money. . . . [Son's] retaining control of the [condo] without paying [Father] is inequitable and unjust." Son does not challenge that ruling on appeal. A constructive trust is a remedy available to a plaintiff whose unjust enrichment claim has prevailed. See *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (2) (508 SE2d 646) (1998).

3. Son next argues that the trial court erred in awarding punitive damages in a breach of contract case. We agree.

The trial court's order specified that punitive damages and attorney fees would be awarded, but stated that the amount to be awarded would be determined at a future hearing.

Punitive damages are not recoverable in actions for breach of contract, even if the breaching party did so in bad faith. *Mikart v. Marquez*, 211 Ga. App. 209, 212 (6) (438 SE2d 633) (1993). See also OCGA § 51-12-5.1 (b) (punitive damages may be awarded in tort cases). Although the trial court's order ruled in favor of the Father on his unjust enrichment and conversion claims, the order specifically ties the award of punitive damages to the breach of contract claim. The trial court's order provides that it awarded "punitive damages and attorney's fees and costs due to [Son's] stubborn litigiousness, reckless disregard for [Father's] rights, and willful breach of the promissory note."[4] Because the trial court's order references only the Father's claim for breach of contract in granting Father's summary judgment motion on punitive damages, we reverse the punitive damage award. See *ServiceMaster Co. v. Martin*, 252 Ga. App. 751, 757 (2) (c) (556 SE2d 517) (2001) (trial court erred by failing to grant a motion to dismiss a claim for punitive damages when the only cause of action was for breach of contract).

---

[4] The trial court's order further connects the punitive damages to the breach of contract claim, stating that "[j]udgment is also entered for [Father] on his claim for punitive damages and attorney's fees and costs due to the unjustified and brazen manner in which Defendant, without a valid legal defense, has refused all payments and has been stubbornly litigious in requiring Plaintiff to file this action to recover funds to purchase the condominium, and subject to an unambiguous written promise to pay, signed by [Son]."

*Judgment affirmed in part and reversed in part. Gobeil and Pipkin, JJ., concur.*