**FOURTH DIVISION
DILLARD, P. J.,
MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**March 17, 2021**

# In the Court of Appeals of Georgia

A21A0031. CITY OF ATLANTA, GEORGIA v. PENOSKY et al.   CO-001

COLVIN, Judge.

On appeal from an order dismissing its notice of appeal, the City of Atlanta (the "City") argues that the trial court erred by dismissing the appeal and determining that the City caused an inexcusable delay in filing the trial transcript. For the following reasons, we affirm.

The record shows that, on January 2, 2019, a jury awarded damages totaling $960,159.75 in favor of appellees, James Penosky and Shemi Kumar, for trespass, nuisance, inverse condemnation, and attorney fees. On December 13, 2018, the trial court entered a final judgment. The City filed its notice of appeal on February 1, 2019. That same day, the City requested that the court reporter prepare the trial transcript. On July 3, 2019, Penosky and Kumar filed a motion to dismiss the appeal,

alleging that the City caused an unreasonable delay in filing the transcript. On July 8, 2019, the transcripts were filed with the clerk of court. In support of their motion, Penosky and Kumar submitted an affidavit of the court reporter, who averred that the final transcripts were sent to the City's counsel on February 25, 2019, and that the City did not request that the court reporter file the transcript until July 2019. The trial court held a hearing on Penosky and Kumar's motion to dismiss and issued an order dismissing the City's notice of appeal on September 12, 2019.

On October 2, 2019, the City filed a motion for new trial and, alternatively, a motion for reconsideration of the trial court's order dismissing its appeal. On October 7, 2019, the trial court denied the City's motion. The City then filed a notice of appeal from the trial court's order denying a new trial and reconsideration on October 10, 2019.

The City argues that the trial court erred by dismissing its notice of appeal and by concluding that the City caused an unreasonable and inexcusable delay in filing the trial transcript. In its order on the motion to dismiss the City's appeal, the trial court explains that it considered an email chain that was submitted as evidence at the hearing on the motion to dismiss the appeal. The transcript for this hearing has not been included in the appellate record.

The appellant has the burden of showing error below, and when the appeal "draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-41 (c). Where the appellant fails to provide a transcript from which this court may determine the existence of the alleged error, this court has nothing to review. Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Citations and punctuation omitted.) *Barnwell v. TPCII, LLC*, 295 Ga. 153, 154 (758 SE2d 281) (2014). Here, the transcript is necessary for review of the City's evidentiary claim that the trial court erroneously concluded that the City caused an inexcusable delay in filing the trial transcript. The City acknowledges in its brief that evidence was presented at the hearing on the motion to dismiss the appeal and that there is no transcript of the hearing. The email chain that the trial court considered was later made part of the appellate record by its inclusion as an exhibit to the City's motion for new trial. In the absence of this transcript, the parties have neither prepared a transcript from recollection nor filed a stipulation to the evidence presented at the hearing. See OCGA § 5-6-41 (g), (i). Without the hearing transcript, we are unable to ascertain whether additional evidence was presented at the hearing

3

for the trial court's consideration. Accordingly, "we must assume the judgment below was correct and affirm." (Citation and punctuation omitted.) *Barnwell*, 295 Ga. at 154.

Notwithstanding the absence of the hearing transcript, we note that there was evidence to support the trial court's judgment. We review a trial court's dismissal of an appeal for abuse of discretion. *ACCC Ins. Co. v. Pizza Hut of America, Inc.*, 314 Ga. App. 655, 657 (725 SE2d 767) (2012). A trial court has discretion to dismiss an appeal "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). "[A] delay of more than 30 days in filing a transcript is presumptively unreasonable and inexcusable, but that presumption may be rebutted if the appellant comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citations and punctuation omitted.) *ACCC Ins. Co.*, 314 Ga. App. at 657.

In support of their motion to dismiss the appeal, appellees submitted an affidavit of the manager for the court reporting agency. The manager averred that the transcript was delivered to counsel for the City on February 25, 2019, that the City did not direct her or anyone at the court reporting company to file the transcripts until

July 2019, and that it is not the typical practice of the company to file trial transcripts with the clerk of court. This evidence supports the trial court's conclusion that the City caused the delay in filing the transcripts.

Further, the City's five-month delay in filing the transcripts is presumptively unreasonable and inexcusable. The City argued in rebuttal of this presumption that it believed in good faith that the court reporter would file the transcript, which was supported by the email chain between the City's counsel and the court reporter. But the trial court did not abuse its discretion in finding that the City failed to rebut the presumption of unreasonable and inexcusable delay. "[P]aying for a transcript and subjectively believing it had been filed does not relieve an appellant of its obligation to actively ensure that a transcript was filed or to, at a minimum, request an extension to file it." *SDM Investments Group, LLC v. HBN Media, Inc.*, __ Ga. App. __ (1) (case no. A20A1775, decided January 28, 2021). See *Northeast Ga. Med. Ctr., Inc. v. Healthsouth Rehabilitation Hosp. of Forsyth County, LLC,* 347 Ga. App. 852, 860 (2) (821 SE2d 68) (2018) (appellant's "good faith belief that the court reporter would file the transcript because it had already been prepared" was not an excuse for the 133-day delay in filing the transcript). Accordingly, we affirm the trial court's judgment.

5

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*